**88-2010.** State v. Carter. *Paulding County*, No. 11-87-9. ▮▮▮▮▮▮▮ On motion for rehearing. Rehearing denied.

## DISCIPLINARY DOCKET

**89-133.** In re Solowitch. Pursuant to the provisions of Section 9(a)(iii), Gov. Bar R. V, Eric S. Solowitch is suspended from the practice of law in the state of Ohio for an indefinite period, and this cause is referred to the Cleveland Bar Association for further proceedings.

Monday, February 13, 1989

## MERIT DOCKET

**86-784.** New Energy Co. of Indiana v. Limbach. *Franklin County*, No. 85AP-340. This cause has been remanded to this court by order of the Supreme Court of the United States. Upon consideration of the mandate of the Supreme Court of the United States dated July 5, 1988, see (1988), 486 U.S. ____, 100 L. Ed. 2d 302, 108 S. Ct. 1803, IT IS ORDERED by the court, effective February 6, 1989, that this court's judgment of September 2, 1987, wherein judgment of the Court of Appeals for Franklin County was affirmed, be, and the same hereby is, reversed. See (1987), 32 Ohio St. 3d 206, 513 N.E. 2d 258.

IT IS FURTHER ORDERED by the court that this cause be remanded to the Court of Common Pleas of Franklin County for further proceedings not inconsistent with the opinion of the Supreme Court of the United States; that a mandate be sent to the court of common pleas to carry this judgment into execution; and that a copy of this entry be certified to the Clerk of the Court of Appeals for Franklin County.

## MOTION DOCKET

**86-1846.** State v. Hamblin. *Cuyahoga County*, No. 49975. Reported at 37 Ohio St. 3d 153, 524 N.E. 2d 476. This court received notification from the Supreme Court of the United States that said court on January 23, 1989, entered an order in No. 88-5630, *David Hamblin* v. *Ohio,* which stated: "The petition for rehearing is denied." Upon consideration that the stay of execution allowed by this court on September 8, 1988, was conditioned upon final disposition of said petition to the Supreme Court of the United States and it appearing to the court that the Supreme Court of the United States has rendered such final disposition of said petition, IT IS ORDERED that said stay of execution is hereby terminated as of the date of this entry (February 9, 1989).

It further appearing to the court that the date heretofore fixed for the execution of judgment and sentence of the Court of Common Pleas of Cuyahoga County is now past, IT IS ORDERED by the court that said sentence be carried into execution by the Superintendent of the Southern Ohio Correctional Institute or, in his absence, by the Deputy Superintendent on the 10th day of May, 1989, in accordance with the statutes so provided.

IT IS FURTHER ORDERED that a certified copy of this entry and a warrant under the seal of this court be duly certified to the Superintendent of the Southern Ohio Correctional Institute and that said Superintendent shall make due return thereof to the Clerk of the Court of Common Pleas of Cuyahoga County.

IT IS FURTHER ORDERED that a mandate be sent to the court of common pleas to carry this judgment into execution; and that a copy of this entry be certified to the Clerk of the Court of Appeals for Cuyahoga County for entry.

## MISCELLANEOUS DISMISSALS

**87-1245.** Evans v. Allis-Chalmers Mfg. Co. *Morrow County*, No. CA-663. Cause dismissed, on application of counsel for appellant, effective February 10, 1989.