[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
Following a bench trial, defendant-appellant Matthew Lehrfeld was found guilty of burglary in violation of R.C. 2911.12(A), and he was sentenced to three years' community control. Lehrfeld filed a timely notice of appeal. While his appeal was pending, Lehrfeld was found guilty of violating the conditions of his community control, and he was sentenced to five years of community control. Less than one month later, Lehrfeld pleaded guilty to a second community-control violation and, following a hearing, he was sentenced to six years in prison. Lehrfeld filed a timely appeal relating to the imposition of the six-year prison sentence. The two appeals have been consolidated, and, for the following reasons, we find that none of his four assignments is well taken.
In his first assignment of error, Lehrfeld challenges the sufficiency of the evidence and in the second assignment of error Lehrfeld argues that the trial court erred in denying his Crim.R. 29 motion for acquittal. Because the relevant inquiry for reviewing the denial of a Crim.R. 29 motion is the same as the inquiry for sufficiency,[2] we review the first and second assignments of error together.
At the trial that resulted in the original conviction, the court found "that [Lehrfeld] was given entrance into the building, but [Lehrfeld] engaged in a theft offense that caused beyond a reasonable doubt that caused him to be guilty of F-2 burglary." While we find that the record supports the trial court's finding that Lehrfeld was initially given consent to enter the victim's apartment, it does not support a finding of theft. It is well established, however, that the trial court may be right for the wrong reasons.[3] Viewing the record in the light most favorable to the prosecution, we conclude that the record contains sufficient evidence for a finding of guilt.[4] The victim's testimony was that Lehrfeld used force to remain in her apartment without permission and that Lehrfeld had the purpose of committing an assault against the victim. Because there was sufficient evidence adduced at trial to support a finding of guilt, we overrule Lehrfeld's first and second assignments of error.
Next we address Lehrfeld's fourth assignment of error, which challenges the weight of the evidence. Essentially, the determination of guilt in this case came down to a question of credibility. Although Lehrfeld's testimony conflicted with the victim's testimony, we cannot say as a matter of law that the trial court improperly weighed the evidence,[5] as testimony of the two officers who responded to a 911 call supported the victim's recollection of the events. As a result, we conclude that the finding of guilt was not against the manifest weight of the evidence, and we overrule the fourth assignment of error.
Finally, Lehrfeld asserts in his third assignment of error that he was denied his constitutional right to effective assistance of counsel during the course of his trial. A properly licensed attorney is presumed competent, and the defendant bears the burden of demonstrating ineffective assistance of counsel.[6] After reviewing the alleged instances of misconduct, we find no deficiency in counsel's performance. Counsel's representations relating to the advantages of a bench trial, counsel's failure to object to the admission of a butcher knife, and counsel's failure to introduce grand jury testimony may well have been tactical.[7] Further, Lehrfeld has failed to demonstrate how counsel's alleged comments made after the verdict prejudiced him, as the comments were counsel's opinion about the verdict.[8]
Accordingly, we overrule the third assignment of error.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
 _____________________________ GORMAN, P.J., Presiding Judge
SUNDERMANN and SHANNON, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[2] See State v. Bridgeman (1978), 55 Ohio St.2d 261, 263,381 N.E.2d 184, 185.
[3] See Hall v. Gill (1995), 108 Ohio App.3d 196,205, 670 N.E.2d 503, 509.
[4] See State v. Thompkins (1997), 78 Ohio St.3d 380, 386,678 N.E.2d 541, 546.
[5] See id. at 387, 678 N.E.2d at 546-547.
[6] See State v. Hamblin (1988), 37 Ohio St.3d 153, 156,524 N.E.2d 476, 479.
[7] See State v. Thompson (1987), 33 Ohio St.3d 1,10-11, 514 N.E.2d 407, 417.
[8] See State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373, paragraph three of the syllabus.