DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Luas County Court of Common Pleas that denied appellant's request for a continuance and his motion to vacate his no contest plea and imposed sentence for a violation of R.C. 2911.12(A)(4), burglary. For the reasons that follow, this court reverses the judgment of the trial court.
Appellant sets forth the following assignments of error:
 "1. The trial court erred in denying Appellant's presentence Motion to Withdraw his plea of no contest.
 "2. Appellant, Rickey M. Moore, was denied effective assistance of counsel.
 "3. The trial court erred in denying Mr. Moore's motion to continue the sentencing hearing."
The facts that are relevant to the issues raised on appeal are as follows. On December 15, 1998, appellant was indicted on one count of burglary in violation of R.C.2911.12(A)(2), a second-degree felony. Appellant entered a plea of not guilty to the charge. On February 24, 1999, appellant tendered a plea of no contest to an amended charge of burglary in violation of R.C. 2911.12(A)(4), a fourth-degree felony.
On June 23, 1999, appellant appeared before the trial court for sentencing. At that time, defense counsel informed the court that appellant wanted to secure private counsel and withdraw his no contest plea. Counsel asked the court for a brief continuance and the court responded: "* * * The motion to vacate the plea is denied. The Court is going to proceed with sentencing. He can file through his counsel an appropriate appeal if he so desires." The matter then proceeded to sentencing.
Appellant asserts in his first assignment of error that the trial court erred by denying his motion to withdraw his plea. In State v. Xie (1992), 62 Ohio St.3d 521, paragraph one of the syllabus, the Supreme Court of Ohio held:
 "1. A defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." [Emphasis added.]
Several years later, the Supreme Court clarified Xie by stating that, although Xie dealt with presentence motions to withdraw guilty pleas, the holding may also be applied in situations involving pleas of no contest. State v. Spivey (1998), 81 Ohio St.3d 405.
Appellee argues that no hearing was required because appellant did not make a formal written or oral motion to withdraw his plea. However, because the trial court construed defense counsel's request as a motion to withdraw the plea and ruled on it accordingly, this court will address it as such.
The record in this case reveals that defense counsel indicated to the trial court at the June 23, 1999 hearing that appellant wanted to secure private counsel and withdraw his no contest plea. At that point, the trial court should have continued the matter for a hearing, pursuant to Xie and Spivey, in order to hear arguments as to whether there was a legitimate basis for withdrawal of the plea. Following such a hearing, the decision to grant or deny the motion to withdraw would be within the trial court's discretion. Xie, supra, paragraph two of the syllabus. Accordingly, this court finds appellant's first assignment of error well-taken.
As to his second assignment of error, appellant asserts he was denied effective assistance of counsel because counsel did not move for dismissal of the charges after learning that the victim did not want to prosecute, counsel failed to challenge the search which led to finding stolen property in appellant's possession, and counsel who appeared at the June 23, 1999 hearing was unprepared to proceed with the motion to withdraw appellant's plea.
To prevail on a claim of ineffective assistance of counsel, appellant must show that counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. This standard requires appellant to satisfy a two-part test. First, appellant must show that counsel's representation fell below an objective standard of reasonableness. Second, appellant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different when considering the totality of the evidence that was before the court. Strickland v. Washington (1984), 466 U.S. 668. This test is applied in the context of Ohio law that states that a properly licensed attorney is presumed competent. State v. Hamblin (1988),37 Ohio St.3d 153.
As to appellant's assertion that counsel should have moved for dismissal, this argument is without merit. As appellee notes, even if a victim is uncooperative, the state can pursue a case and subpoena the victim to testify at trial. Thus, a potentially uncooperative victim is not a compelling reason for defense counsel to move for dismissal. Appellant next asserts that the search of his person was conducted with no apparent basis but fails to support this claim with any argument or citations to the record. Finally, appellant asserts that he was prejudiced because the attorney who represented him through the time of his plea was unable to be in court for sentencing and he was represented by a different attorney at that proceeding. Appellant appears to assert that asking for a continuance shows that counsel was unprepared but, again, appellant fails to support this claim with further evidence from the record. Based on the foregoing, this court finds that appellant has not shown that counsel's representation fell below an objective standard of reasonableness and that, but for counsel's unprofessional errors, the result of the proceeding would have been different when considering the totality of the evidence that was before the court. Accordingly, appellant's second assignment of error is not well-taken.
As his third assignment of error, appellant asserts that the trial court erred by denying his motion to continue the sentencing hearing. In light of our finding above that the trial court erred by failing to hold a hearing on appellant's request to withdraw his plea, we find this assignment of error moot.
On consideration whereof, this court finds that appellant was prejudiced and the judgment of the Lucas County Court of Common Pleas is reversed and remanded for a hearing on appellant's request to withdraw his no contest plea. Court costs of this appeal are assessed to appellee.
 ____________________ James R. Sherck, J.
Richard W. Knepper, P.J., Mark L. Pietrykowski, J., Concur.