[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Raising two assignments of error, defendant-appellant Eric Brand appeals his convictions of aggravated robbery, robbery, carrying a concealed weapon, having a weapon while under a disability, and felonious assault.
In his first assignment of error, Brand challenges both the sufficiency and the weight of the evidence supporting his convictions. Having reviewed the evidence in the light most favorable to the state, we conclude that the trial court could reasonably have found that the essential elements of the crimes charged had been proved beyond a reasonable doubt.[1] We, therefore, reject Brand's challenge to the sufficiency of the evidence. Moreover, because we conclude that, in weighing the evidence, the trial court did not lose its way or create a manifest miscarriage of justice, we reject Brand's contention that his convictions were against the weight of the evidence.[2] Consequently, we overrule the first assignment of error.
In his second assignment of error, Brand asserts that the trial court erred in refusing to order separate trials for the various counts charged in the indictment. We find no merit in Brand's claim. Here, joinder was proper under Crim.R. 8(A) because Brand's offenses were part of a continuing course of criminal conduct and the evidence relating to the crimes was intertwined.[3] Moreover, Brand failed to demonstrate that he was prejudiced by the joinder and, therefore, was not entitled to separate trials under Crim.R. 14.[4] Consequently, we overrule the second assignment of error and affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.
[1] See State v. Thompkins (1997), 78 Ohio St.3d 380, 678 N.E.2d 541;State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
[2] See State v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717,720-721, quoted in State v. Thompkins, 78 Ohio St.3d at 387,678 N.E.2d at 549.
[3] See State v. Hamblin (1988), 37 Ohio St.3d 153, 524 N.E.2d 476.
[4] See State v. Dennis (1997), 79 Ohio St.3d 421,683 N.E.2d 1096.