DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Erie County Court of Common Pleas that found appellant guilty of one count of domestic violence and one count of disrupting public services following appellant's guilty plea. For the reasons that follow, this court affirms the judgment of the trial court.
Appellant sets forth the following assignments of error:
 "ASSIGNMENT OF ERROR #1: THE APPELLANT'S SIXTH AMENDMENT RIGHT TO COUNSEL WAS DENIED BECAUSE HE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL AT HIS PLEA AND SENTENCING HEARING.
 "ASSIGNMENT OF ERROR #2: THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO THE MAXIMUM ALLOWABLE SENTENCE WITHOUT MAKING THE REQUIRED FINDINGS AS PROVIDED FOR IN OHIO REVISED CODE SECTION 2929.14(C)."
On November 13, 2000, appellant was indicted on one count of burglary in violation of R.C. 2911.12(A)(1), one count of domestic violence in violation of R.C. 2919.25(A), and one count of disrupting public services in violation of R.C. 2909.04(A)(1). On January 24, 2001, appellant appeared in court and, following the state's agreement to dismiss the burglary charge, entered guilty pleas to the domestic violence and disrupting public services charges. The trial court proceeded directly to sentencing and imposed maximum sentences of twelve months on the domestic violence conviction and eighteen months on the disrupting public services conviction, with the sentences to be served concurrently with each other and concurrently with the sentences appellant was then serving in two other cases.
On January 17, 2002, at the request of defense counsel and the state, the trial court vacated the domestic violence conviction because the charge had been improperly enhanced to a fifth-degree felony based on the erroneous belief that appellant had a prior domestic violence conviction.
In his first assignment of error, appellant asserts that trial counsel failed to perform any investigation of the charges against appellant and coerced him into believing he had no choice but to accept the plea agreement. In support, appellant states that trial counsel was ineffective for failing to discover the error as to the domestic violence charge.
To prevail on a claim of ineffective assistance of counsel, appellant must show that counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. This standard requires appellant to satisfy a two-part test. First, appellant must show that counsel's representation fell below an objective standard of reasonableness. Second, appellant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different when considering the totality of the evidence that was before the court.Strickland v. Washington (1984), 466 U.S. 668. This test is applied in the context of Ohio law that states that a properly licensed attorney is presumed competent. State v. Hamblin (1988), 37 Ohio St.3d 153.
Arguably, defense counsel might have discovered the problem with the domestic violence charge. The complaint filed by the victim and the indictment, however, both charged that appellant had been previously convicted of domestic violence in Sandusky Municipal Court on June 19, 2000. There is no indication in the record that appellant raised this issue with counsel. Further, because appellant's two sentences were being served concurrently and appellant still had approximately six months to serve on the longer sentence on the conviction for disrupting public services when the domestic violence conviction and sentence were vacated, we find that appellant was not prejudiced. Appellant's first assignment of error is not well-taken.
In his second assignment of error, appellant asserts that the trial court erred by sentencing him to the maximum allowable sentence without making the findings required by R.C. 2929.14(C). The record in this case shows that at the sentencing hearing the prosecutor informed the trial court that the state and appellant had agreed to sentences of 12 months on the domestic violence conviction and 18 months on the conviction for disrupting public services. After the prosecutor explained the plea to the court, defense counsel stated that he had discussed the matter with his client and that appellant was entering into the plea voluntarily. The trial court then questioned appellant extensively as to his understanding of the plea and his willingness to enter into it. Appellant indicated that he understood the possible penalties for each offense. In part, the trial court addressed appellant as follows:
 "THE COURT: * * * The maximum in each case is what, in each count?
"DEFENDANT: Eighteen and twelve months.
 "THE COURT: Eighteen plus twelve, that would be thirty months, correct?
"DEFENDANT: Yes, Your Honor.
 "THE COURT: All right. However, I said that would be the normal case; however, it's my understanding that you are telling the Court not to weigh any factors that might qualify you for community [control]; is that right?
"DEFENDANT: Yes, Your Honor.
 "THE COURT: In other words, you are agreeing to go the institution and serve this time out concurrent with the sentence for which you're presently serving; is that right?
"DEFENDANT: Yes, Your Honor.
"* * *
 "THE COURT: And you are agreeing to the 12 months and the 18 months to run concurrent; is that right?
"DEFENDANT: Yes, Your Honor."
It is clear from the record that appellant agreed to the sentences that were imposed. Appellant now ignores the facts of his plea agreement and asserts that the trial court should have made numerous findings on the record in support of imposing the maximum sentence before accepting the plea, despite the unequivocal agreement.
Because the sentences imposed herein were agreed sentences and were jointly recommended to the court, this matter is controlled by R.C.2953.08(D), which provides that:
"A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."
A sentence is considered to be "authorized by law" if it is within the statutory range of possible sentences for the offense to which the defendant has pled guilty. State v. Sattiewhite (Jan. 31, 2002), Cuyahoga App. No. 79365.
Appellant's sentences were within the statutory range of possible sentences pursuant to R.C. 2929.14(A)(4) and (5) and, therefore, were authorized by law and properly accepted by the trial court. In addition, appellant's sentences were jointly recommended by defense counsel and the state, and were imposed by a sentencing judge. By entering into this agreement, appellant avoided a possible trial and conviction on the burglary charge. To hold that he may now challenge the propriety of the sentences to which he agreed would contradict the plain language of R.C. 2953.08(D) as well as common sense. See Sattiewhite, supra; State v. Ruggles (Sept. 11, 2000), Clinton App. No. CA99-09-027.
Accordingly, appellant's second assignment of error is found not well-taken.
On consideration whereof, this court finds that appellant was not prejudiced and the judgment of the Erie County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
Peter M. Handwork, J., Richard W. Knepper, J., and George M. Glasser,J., CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.