DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court on appellant's application to reopen his appeal pursuant to App.R. 26(B).
 {¶ 2} In a decision released on June 7, 2002, this court affirmed appellant's convictions on one count of involuntary manslaughter and one count of aggravated arson. State v. Barker, Jr., 6th
 {¶ 3} Dist. No. L-01-1290, 2002-Ohio-2801. Appellant timely filed his application for reopening on September 4, 2002.
 {¶ 4} The Supreme Court of Ohio has held that an individual seeking reconsideration pursuant to App.R. 26(B) must first "put forth a colorable claim of ineffective assistance of appellate counsel * * *."State v. Murnahan (1992), 63 Ohio St.3d 60, 66.
 {¶ 5} In Strickland v. Washington (1984), 466 U.S. 668, the United States Supreme Court set forth a two-part test for reviewing claims of ineffectiveness of counsel:
 {¶ 6} "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687.
 {¶ 7} In Ohio, a properly licensed attorney is presumed competent and the burden is on the appellant to show counsel's ineffectiveness.State v. Lytle (1976), 48 Ohio St.2d 391; State v. Hamblin (1988),37 Ohio St.3d 153. It is well-established that "[c]ounsel need not raise all nonfrivolous issues on appeal." State v. Campbell (1994),69 Ohio St.3d 38, 53. In Engle v. Isaac (1982), 456 U.S. 107, the United States Supreme Court stated that: "We have long recognized * * * that the Constitution guarantees criminal defendants only a fair trial and a competent attorney. It does not insure that defense counsel will recognize and raise every conceivable constitutional claim. * * *" Id. at 134.
 {¶ 8} Appellant presents four arguments in support of his application. Appellant first asserts that appellate counsel should have argued that the trial court erred by denying the motion to dismiss in which counsel argued that the applicable statute of limitations had expired before appellant was charged. The fire in which a young girl died and which led to appellant's indictment occurred on August 20, 1993. Appellant was indicted on December 29, 2000, seven years and four months later. Pursuant to R.C. 2901.13(A)(1), a prosecution for a felony other than aggravated murder shall be commenced within six years of the date the offense is committed. When appellant's trial counsel moved to dismiss based on the statute of limitations, the state argued that the time set forth in R.C. 2901.13 was tolled until sometime in 2000 when investigators determined that the fire had been started by an act of arson.
 {¶ 9} Second, appellant asserts that appellate counsel should have
 {¶ 10} argued that he was denied his right to a speedy trial when the trial court denied his motion to dismiss on those grounds. Appellant also asserts that appellate counsel should have argued that the trial court erred by denying his motion for acquittal and that the verdict was against the weight of the evidence.
 {¶ 11} Based on the foregoing, this court finds that appellant's application for reopening raises a genuine issue as to whether he was deprived of the effective assistance of appellate counsel. Accordingly, appellant's application for reopening is found well-taken and the same is granted. Appellant is granted thirty days from the date of this decision to file the supplemental transcripts. It is further ordered that appellant file his brief no later than 20 days from the date the supplemental record is filed. All future filings shall follow the appellate rules of procedure. This case shall be decided on the briefs only. It is so ordered.[1]
APPLICATION GRANTED.
Peter M. Handwork, J., Richard W. Knepper, J., and Mark L.Pietrykowski, P.J., CONCUR.
[1] The trial court record for this case has been transmitted to this court. This court has not, however, received the transcripts from proceedings held in the trial court on March 5, 19 and 22, 2001 and April 3, 2001 as requested by appellant in his praecipe filed August 30, 2002.