OPINION
{¶ 1} This is an appeal from the Ashtabula County Court of Common Pleas convicting appellant, William Beesler, of assault on a police officer in violation of R.C. 2903.13.
 {¶ 2} On February 19, 2001, Officer Skip Gray of the Ashtabula City Police Department was dispatched to the residence of Jamie Beesler at 1321 Prospect Road in the city of Ashtabula. While at that residence Officer Gray arrested appellant and transported him to the Ashtabula City Jail. Officer Gray attempted to "book" appellant but he was uncooperative and disruptive. The booking process was soon terminated and appellant was placed in a holding cell to "sober up" and "cool down."
 {¶ 3} Officer Gray escorted appellant to the cell and placed him inside. However, once in the cell, appellant placed his foot in between the cell door and the doorjamb in an effort to keep the officer from closing the cell. Officer Gray attempted to push the appellant into the cell to facilitate the removal of his foot. However, while leaning forward, appellant struck the officer on the side of the head. A fight ensued between the parties during which Officer Gray sustained a broken middle finger on his left hand.
 {¶ 4} On July 24, 2001, appellant was tried in the Ashtabula County Court of Common Pleas on a single-count indictment alleging assault on a police officer, a felony of the fourth degree, in violation of R.C. 2903.12. Appellant was convicted and sentenced to a prison term of sixteen months.
 {¶ 5} From this conviction, appellant filed a timely notice of appeal with this court and raises the following assignments of error:
 {¶ 6} "[1.] Appellant was denied the [sic] effective assistance of counsel in violation of the sixth amendment of the United States constitution and Article I, section 10 of the Ohio constitution.
 {¶ 7} "[2.] The appellant's conviction is not supported by sufficient evidence.
 {¶ 8} "[3.] The appellant's conviction is against the manifest weight of the evidence."
 {¶ 9} A court deciding an ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. Stricklandv. Washington (1984), 466 U.S. 668, 689. An attorney's "performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." State v. Hurd, 11th Dist. No. 2001-T-0086, 2002 Ohio 7163, at ¶ 32, citing State v. Bradley (1989), 2 Ohio St.3d 136, paragraph two of the syllabus; Strickland, supra. Judicial scrutiny of counsel's performance must be highly deferential and a reviewing court must presume that a properly licensed attorney has rendered effective assistance in representing a criminal defendant. Hurd, supra, at ¶ 32; State v.Hamblin (1988), 37 Ohio St.3d 153, 155-56; Strickland, supra, at 689. In light of the presumption of competency, the burden upon appellant to establish ineffective assistance of counsel is a heavy one. State v.Kerns (July 14, 2000), 11th Dist. No. 99-T-0106, 2000 Ohio App. LEXIS 3202, at 7; State v. Klaus (July 7, 1989), 11th Dist. No. 13-038, 1989 WL 75082, at 3.
 {¶ 10} In short, to show ineffective assistance of counsel, appellant must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. "A reasonable probability is sufficient to undermine confidence in the outcome." Strickland, supra, at 694.
 {¶ 11} Appellant's argument that his trial counsel was ineffective is twofold. First, appellant claims his attorney was ineffective insofar as she did not permit him to testify at trial. Second, appellant contends that his counsel was ineffective for her failure to move for an acquittal pursuant to Crim.R. 29. We shall address each claim in turn.
 {¶ 12} First, appellant asserts that his counsel was ineffective because she did not allow him to testify. This argument is rooted in appellant's claim that he steadfastly maintained his innocence throughout the trial and, during his interview with the Ohio Adult Parole Authority ("OAPA"), noted his belief that he was handcuffed during the entire incident. Despite appellant's recollection during his interview with the OAPA, appellant never expressed this belief with any degree of certainty. In fact, the statement to which appellant refers is phrased in a manifestly uncertain fashion. Hence, the fact that his attorney never called him to testify to this belief can be legitimately understood in terms of her trial strategy.
 {¶ 13} The decision to call witnesses is within the province of counsel's trial tactics. State v. McKay, 11th Dist. No. 2001-A-0008,2002 Ohio 3960, at ¶ 43. Debatable strategic and tactical decisions will not form the basis for a claim of ineffective assistance of counsel, even if there had been a better strategy available. State v.Phillips (1995), 74 Ohio St.3d 72, 85. As such, the failure to call a witness will not be grounds for a claim of ineffective assistance of counsel unless prejudice is shown. McKay, supra, at ¶ 42, citingState v. Williams (1991), 74 Ohio App.3d 686, 695.
 {¶ 14} In the current case, there are various strategic reasons for not calling appellant to testify, e.g., avoiding prosecutorial probes into past convictions or preventing the jury from seeing potentially unsavory character traits he might possess. Moreover, appellant offers no evidence to demonstrate that his trial counsel specifically blocked his testimony. As such, for all we know, appellant may have independently decided not to testify on his own. In this respect, the record does not speak for itself. Nonetheless, if appellant decided to assert his right not to testify, his trial counsel cannot be held responsible for the decision.
 {¶ 15} In sum, appellant fails to provide sufficient evidence that his trial counsel's decision not to call him to testify was anything more than a strategic trial decision made for appellant's benefit. As the Supreme Court of the United State's stated in Strickland:
 {¶ 16} "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time * * * the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" Id. at 689. Under the circumstances, appellant has not overcome this presumption. Therefore, appellant's initial argument in support of his ineffective assistance claim is without merit.
 {¶ 17} Appellant next argues that his trial counsel was ineffective for her failure to make a Crim.R. 29 motion for acquittal. In relation to this issue, other courts have held, "the failure of trial counsel to make a Crim.R. 29 motion does not constitute ineffective assistance of counsel when the state's case-in-chief links the defendant to the crimes of which he or she is accused." State v. McKinley, 10th Dist. No. 02AP-371, Ohio 71972002, at ¶ 39, citing State v. Small
(May 1, 2001), 10th Dist. No. 00 AP-1149, 2001 Ohio App. LEXIS 1963. In the current case, the state's case-in-chief did link appellant to the crimes with which he was charged and therefore, ineffective assistance of counsel has not been shown in relation to the Crim.R. 29 motion.
 {¶ 18} However, even without recourse to the above rule, appellant cannot satisfy the stringent two-prong Strickland test. First, appellant does not identify how his counsel's performance was deficient in relation to reasonable professional judgment. Although a court may determine whether, in light of all of the circumstances, the alleged acts and/or omissions were outside the wide range of professionally "competent" assistance, the burden is on appellant to establish the claim.Strickland, supra, at 690. Under the circumstances, appellant infers ineffectiveness from his counsel's failure to make the Crim.R. 29 motion. Without a justification as to why such an omission rendered his counsel's assistance ineffective, he fails the first prong ofStrickland.
 {¶ 19} However, assuming arguendo, that appellant can meet the first step of the Strickland test, he fails to make a convincing argument that he was prejudiced by the omission. In the instant case, the state presented evidence from which the jury could infer that appellant assaulted a peace officer pursuant to R.C. 2903.13(A) and (C)(3). In particular, the state provided testimony that appellant knowingly caused or attempted to cause physical harm to a peace officer while the officer was performing his official duties. As indicated above, prejudice occurs where there is a reasonable probability that, but for counsel's errors, the result would have been different. Under the circumstances, even if appellant had moved for acquittal pursuant to Crim.R. 29 the motion would have been denied because the state presented adequate evidence to sustain the verdict.
 {¶ 20} Moreover, pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element has been proved beyond a reasonable doubt. State v.Apanovitch (1987), 33 Ohio St.3d 19, 23. Under the circumstances, reasonable minds could indubitably reach a different conclusion than that which appellant supports. See State v. Sheffey (Sept. 30, 1993), 11th Dist. No. 92-A-1760, 1993 Ohio App. LEXIS 4798, at 9. As such, appellant's contention that his trial counsel provided ineffective assistance is not well taken and therefore, his first assignment of error is without merit.
 {¶ 21} In his second assignment of error, appellant attacks the sufficiency of the evidence on which his conviction is based. We have consistently held that an appellant must move for a Crim.R. 29 motion for acquittal at trial in order to preserve the right to appeal on the basis of the sufficiency of the evidence. See, e.g., State v. Stewart, 11th Dist. No. 2001-P-0035, 72702002 Ohio, at ¶ 72. An appellant must also renew the motion at the close of evidence or any claimed error regarding a Crim.R. 29 motion is waived. State v. Barksdale (June 22, 2001), 11th Dist. No. 2002-L-088, 2001 Ohio App. LEXIS 2808, at 3. A review of the record reveals that appellant never made a Crim.R. 29 motion for acquittal. Therefore, appellant has failed to preserve his sufficiency argument for appeal. However, even if appellant had made and renewed a Crim.R. 29 motion, his sufficiency argument still lacks merit.
 {¶ 22} Before we discuss the substance of this claim, however, we must address appellant's policy argument that the rule enunciated in the preceding paragraph should not apply in the current case because it prevents him from arguing his ineffective assistance of counsel claim. Specifically, appellant correctly notes that in order to prove his ineffectiveness claim he must demonstrate that he was prejudiced by his trial counsel's failure to make a Crim.R. 29 motion. To do so, we must review the adequacy of the evidence presented by the state, i.e., engage in a sufficiency analysis. However, because no Crim.R. 29 motion was made, he is barred from engaging in the very analysis required to prove his ineffectiveness claim. Appellant concludes that such a result is circular and absurd. Appellant therefore asserts that "one can never show ineffectiveness of counsel by omission because whatever has been omitted has also been waived." We disagree with this conclusion.
 {¶ 23} Specifically, it is true that if trial counsel fails to make and renew a motion for acquittal during a jury trial, the issue of sufficiency is waived on appeal. However, in many cases, including the case sub judice, appellate courts will address the sufficiency issue notwithstanding trial counsel's failure to make a Crim.R. 29 motion. Under such circumstances, the issue of sufficiency is generally inconsequential notwithstanding the occasional issue of plain error. Moreover, the above rule does not act as a wholesale ban on proof of ineffectiveness by omission. In fact, ineffectiveness claims are frequently based upon a trial attorney's failure to perform in accordance with an objectively reasonable standard of representation. Hence, appellant's ultimate conclusion is misplaced in that it hinges on an unwarranted overgeneralization.
 {¶ 24} However, in light of this discussion, we must conclude that, even if the issue were properly preserved, appellant's argument that his conviction was based upon insufficient evidence lacks merit. When reviewing the record of a criminal conviction for the sufficiency of the evidence, a court must assess whether the evidence was legally sufficient to support the jury verdict as a matter of law. State v.Thompkins (1997), 78 Ohio St.3d 380. Put differently, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Statev. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 25} To prove the charge of assault on a peace officer the state had the burden of demonstrating, beyond a reasonable doubt, that appellant knowingly caused or attempted to cause physical harm to a peace officer while in the performance of his official duties. The state presented evidence that appellant was arrested and escorted to the police station by Officer Gray. After arriving at the station, Officer Gray initiated the booking process, but appellant was uncooperative. Thus, according to his testimony, Officer Gray ushered appellant into a holding cell. Once in the cell, appellant placed his foot so as to prevent Officer Gray from closing the door. The officer pushed appellant away from the door in order to remove his foot. However, when he leaned in, appellant punched Officer Gray in the face.
 {¶ 26} Testimony reflects that appellant's punch was neither accidental nor incidental to the officer's attempt to remove appellant's foot from the cell door. As such, appellant's act of punching Officer Gray indicates that he knowingly caused or attempted to cause physical harm to the officer. Further, throughout this episode, Officer Gray was acting in his capacity as a police officer. In particular, Officer Gray made an ostensibly legitimate arrest and attempted to book appellant. When appellant demonstrated that he was not amenable to booking, the officer attempted to place him into a holding cell at which time he was struck. Therefore, the state presented evidence sufficient to sustain a conviction under R.C. 2903.13.
 {¶ 27} Nevertheless, appellant argues that the officer had entered the cell thereby accepting a challenge to fight appellant and therefore, in appellant's view, Officer Gray was acting outside the scope of his duties as a peace officer. However, such a construction is not supported by the record. Appellant submits no unambiguous evidence that Officer Gray had any intention of brawling with appellant.
 {¶ 28} Moreover, even if we indulge in appellant's assumption that Officer Gray was in the cell when he was struck, we cannot, without a greater indicia of evidence, conclude that he transcended the scope of his official duties during the incident in question. Even if the officer was in the cell, testimony reflects the crucial fact that appellant initiated the confrontation by striking Officer Gray in the face. Therefore, when viewed in a light most favorable to the prosecution, the record indicates that there was sufficient evidence presented that appellant knowingly caused or attempted to cause physical harm to Officer Gray while in the performance of his official duties. Thus, appellant's second assignment of error lacks merit.
 {¶ 29} In his third assignment of error, appellant argues that his conviction was against the manifest weight of the evidence. When reviewing a claim that a judgment is against the manifest weight of the evidence, an appellate court must review the entire record, weigh both the evidence and all reasonable inference, consider the credibility of witnesses and determine whether in resolving conflicts, the trier of fact lost its way and created a miscarriage of justice. State v. Martin
(1983), 20 Ohio App.3d 172, 175. See, also, Thompkins, supra, at 387.
 {¶ 30} After a thorough review of the entire record, we must conclude that there are no obvious conflicts in evidence and the witnesses were sufficiently credible to sustain appellant's conviction. As such, we cannot conclude that the jury lost its way thereby creating a miscarriage of justice. Therefore, appellant's third assignment of error is without merit.
 {¶ 31} For the aforestated reasons, appellant's assignments of error are without merit and we therefore affirm the judgment of the Ashtabula County Court of Common Pleas.
WILLIAM M. O'NEILL and DIANE V. GRENDELL, JJ., concur.