DECISION AND JUDGMENT
{¶ 1} This appeal is from the April 13, 2007 judgment of the Lucas County Court of Common Pleas, which sentenced appellant, Edward L. Jakobiak, after he was convicted by a jury of violating R.C. 2903.11(A)(1), felonious assault. Upon *Page 2 
consideration of the assignments of error, we affirm the decision of the lower court. Appellant asserts the following assignments of error on appeal:
 {¶ 2} "Assignment of Error [N]o. 1:
 {¶ 3} "The trial court abused its discretion when it failed to dismiss jurors after the jurors revealed that they could not be fair and impartial. Such abuse resulted in a violation of the appellant's rights as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Art. I, Sec. 10 of the Ohio Constitution.
 {¶ 4} "Assignment of Error number [N]o. 2: The defendant was denied his right to effective assistance of counsel as guaranteed by the Sixth
and Fourteenth Amendments to the United States Constitution and Art. I, Sec. 10 of the Ohio Constitution.
 {¶ 5} "Assignment of Error [N]o. 3: The trial court abused its discretion when it denied the appellant's request to remove two of the jurors for cause. Such abuse resulted in a violation of the appellant's rights as guaranteed by the Fifth, Sixth, and Fourteenth Amendment to the United States Constitution and Art. I, Sec. 10 of the Ohio Constitution.
 {¶ 6} "Assignment of Error [N]o. 4: The appellant was denied his right to due process and a fair trial when the prosecutor engaged in misconduct at trial. Such denial resulted in violations of the appellant's rights as guaranteed by the Fifth, Sixth, andFourteenth Amendment to the United States Constitution and Art. I, Sec. 10 of the Ohio Constitution. *Page 3 
 {¶ 7} "Assignment of Error [N]o. 5: The cumulative effect of the errors at trial was a violation of the appellant's right to a fair trial as guaranteed by the Fifth, Sixth, and Fourteenth Amendment to the United States Constitution and Art. I, Sec. 10 of the Ohio Constitution."
 {¶ 8} Appellant was indicted by the grand jury on charges of sexual battery, a violation of R.C. 2907.03(A)(2) and (B); felonious assault, a violation of R.C. 2903.11(A)(1), robbery, a violation of R.C. 2911.02(A)(2), and kidnapping, a violation of R.C. 2905.01(A)(4). He was convicted of only the felonious assault charge, and he was sentenced to eight years of imprisonment.
 {¶ 9} In his first assignment of error, appellant argues that the trial court abused its discretion and violated appellant's constitutional rights under both the Ohio and United States Constitutions when it failed to dismiss jurors who indicated that they could not be fair and impartial. Appellant argues that the trial court has the discretion to sua sponte dismiss a juror for bias, and that the failure to do so constitutes an abuse of discretion. Appellant alleges that three jurors in this case admitted that they had reservations about their ability to be fair and impartial. Appellant did not challenge these jurors for cause during the voir dire.
 {¶ 10} A juror's disclosure during voir dire that he cannot be a fair and impartial juror or will not follow the law as given to him by the court is good cause for challenging a juror. Crim. R. 24(C)(9) and R.C. 2313.42(J). It is the role of the court to determine the individual juror's ability to follow the law and be impartial. State v.Williams (1997), *Page 4 79 Ohio St.3d 1, 8, certiorari denied (1998), 522 U.S. 1053. Because the trial court exercises its decision when determining whether to excuse a juror for cause, the trial court's ruling will not be overturned on appeal "unless it is manifestly arbitrary and unsupported by substantial testimony, so as to constitute an abuse of discretion." State v.Jackson, 107 Ohio St.3d 53, 2005-Ohio-5981, ¶ 38, certiorari denied (2006), 548 U.S. 912, quoting State v. Williams, supra.
 {¶ 11} The first juror at issue stated that she had been a victim of sexual abuse as a very young child. The second juror at issue indicated that a former girlfriend in college, who had been sexually assaulted, had trouble forming relationships because of the incident. However, neither of these prospective jurors spoke up when the prosecution asked the prospective jurors if they had any reservations about being fair and impartial.
 {¶ 12} The third juror at issue stated when asked if she could be fair and impartial: "I'm not sure. I'm not sure if I can do it or not. I think I can, but I'm not a hundred percent sure." After the prosecution explained that: "It's one thing to look inside yourself and say, you know what, I've got a problem with this type of case, but if you have the ability to say I've got the problem and you factor that in to how you ultimately reach your conclusion, you're okay.* * * That's different from saying I just can't do it, okay." Then the prosecution asked again if anyone had a comment. Later, the juror again responded "I think so" when asked if she were the type of juror she would want sitting on this case if she was the defendant. *Page 5 
 {¶ 13} First, the use of "I think" language does not automatically mean that the juror could not be fair and impartial. Young v.Hofbauer (C.A. 6, 2002), 52 Fed. Appx. 234, 240, fn. 4, and Miller v.Francis (C.A.6, 2001), 269 F.3d 609, 618-19, certiorari denied (2002),535 U.S. 1011. Second, at the time of the voir dire, the prosecutor, defense counsel, and the court obviously did not consider this juror's statements to mean that she could not be fair or impartial or they would have reacted to them as they did with other prospective jurors who indicated that they could not be fair. We must defer to the trial court's ability to judge the demeanor of the juror's statements. Furthermore, the juror did not raise the issue again after the prosecution explained the difference between being unsure of your reaction to the evidence and unable to consider the evidence fairly.
 {¶ 14} Upon examination of the responses of the jurors at issue, we find that while they initially represented some reservations in their ability to be unbiased, there is nothing in the record which leads us to believe that the jurors represented that they could not act fairly and impartially. Appellant's first assignment of error is not well-taken.
 {¶ 15} In his second assignment of error, appellant argues that he was denied his Sixth Amendment right to effective assistance of counsel. Appellant argues that his counsel rendered ineffective assistance by failing to challenge the above-mentioned jurors for cause or with a preemptory.
 {¶ 16} To establish a claim of ineffective assistance of appointed counsel, the defendant must show that his counsel's representation "fell below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." *Page 6 
 Strickland v. Washington (1984), 466 U.S. 668, 687. Generally, when the action of the appointed counsel amounts to a trial tactic, it cannot later be used in a challenge that the trial counsel rendered ineffective assistance of counsel. State v. Hamblin (1988), 37 Ohio St.3d 153, 157, certiorari denied (1988), 488 U.S. 975.
 {¶ 17} As we discussed above, there was no basis for challenging these jurors for cause. Furthermore, appellant's counsel's decision not to excuse these jurors with a preemptory was purely a trial strategy decision. Appellant's second assignment of error is not well-taken.
 {¶ 18} In his third assignment of error, appellant argues that the trial court abused its discretion when it denied appellant's challenge of two different jurors for cause. As a result, appellant argues, he was forced to use two of his preemptory challenges to dismiss these two jurors. However, he did not assert that there was another juror that he needed to use a preemptory to have that juror excused.
 {¶ 19} When asked if any juror had a reason why they could not serve, the first of these two jurors stated that she had a low tolerance for the type of crime at issue and that she was pretty sure he was guilty because he was charged. However, she also expressed that she was willing to try; but, that she didn't know if she could be fair because of her initial bias against the defendant from the start. She also stated that she would try to be fair and impartial. Although she would have to fight against her bias, ultimately she would probably be able to do it. While this juror honestly expressed the difficulty she would have in deciding this case, she ultimately concluded that her intent would be to *Page 7 
render a fair and impartial verdict. When asked if she was the type of juror she would want if she were the defendant, she said "I could try, yes."
 {¶ 20} The other juror stated that she did not think that she could be neutral because she had been inappropriately touched before. Although she would be sensitive to the issues, the juror also expressed that "I think I could be fair." When asked if she was the type of juror she would want if she were the defendant, she said "yes."
 {¶ 21} Again, these jurors initially expressed doubt as to the ability to render a fair and impartial judgment. However, when their role was discussed in further detail, both jurors expressed a desire to serve and render a fair and impartial verdict. Therefore, there was no basis for appellant's counsel to challenge these jurors for cause. Appellant's third assignment of error is found not well-taken.
 {¶ 22} In his fourth assignment of error, appellant argues that he was denied his right to due process and a fair trial when the prosecutor engaged in misconduct during trial. Appellant argues that the prosecutor attempted during closing arguments to shift the burden of proof to defendant by outlining the evidence submitted at trial and then making the following comment:
 {¶ 23} "So what is the defense here? What is the defense to all these charges? What have they been told by the defense that would create a reasonable doubt on behalf of Mr. Jakobiak? Well, this is the problem. Three witnesses agree that she left The Barn bar with Mr. Jakobiak* * *. So what can the only defense here be if the woman was in fact sexually assaulted, kidnapped, robbed, and beaten? At some time between leaving *Page 8 
the bar some other guy must have gotten control of this woman and taken her over to the barn. Some other guy * * * and [she] has no recollection of that happening. That's the defense. And you ask yourself under this evidence, how reasonable is it? * * *.
 {¶ 24} "Well, then the other part of the defense must be that somebody else must have done it. * * *.
 {¶ 25} "There's one other defense that you may think is out there in this case. It's not legal. It's moral. The belief somehow that because [she] was drunk and did stupid things that night she somehow deserved what happened to her. Okay. That she took risks that somebody shouldn't take.
 {¶ 26} "* * *.
 {¶ 27} "Ladies and Gentlemen, the State has proven every element we're required to prove to you beyond a reasonable doubt. * * *."
 {¶ 28} Appellant did not object to these statements during the closing arguments. Therefore, we consider the alleged error only under a Crim. R. 52(B) plain error standard of review. To reverse on this alleged error, we must find that the alleged misconduct denied the defendant a fair trial. State v. Wade (1978), 53 Ohio St.2d 182, paragraph one of the syllabus, certiorari granted and judgment vacated on other grounds (1978), 438 U.S. 911; State v. Landrum (1990), 53 Ohio St.3d 107, 111; and Scott v. State (1923), 53 Ohio St.2d 91, paragraph two of the syllabus. A finding of plain error is made only in exceptional cases to prevent a manifest miscarriage of justice. State v. Long (1978),53 Ohio St.2d 91, paragraph three of the syllabus, certiorari denied (1984),465 U.S. 1106. *Page 9 
 {¶ 29} We must consider if there was any misconduct and, if so, did the prosecutor's actions or comments "prejudicially [affect] substantial rights of the accused." State v. Moore (1998), 81 Ohio St.3d 22, 33. Such prejudice is not shown when, after consideration of the entire trial, it is clear beyond a reasonable doubt that the jury would have found the defendant guilty even without the improper prosecutorial actions or comments. State v. LaMar, 95 Ohio St.3d 181, 2002-Ohio-2128, ¶ 121, certiorari denied (2002), 537 U.S. 1057 and State v. Fears
(1999), 86 Ohio St.3d 329, 332, certiorari denied (2000), 529 U.S. 1039.
 {¶ 30} Appellant compares the language in this case to that inState v. Howard, 5th Dist. No. 2002CA00333, 2003-Ohio-2804, ¶ 54, where the prosecutor improperly directed the jury's attention to the fact that the defense did not present any defense theory. In the case before us, the defense presented a theory during opening statements that appellant had left the victim in the bar parking lot after she refused to go home. In his closing arguments, the prosecutor referenced that defense theory in order to attack it with the evidence that the state had presented. At the end of the prosecution's remarks, the jury was reminded by the prosecution that it carried the burden of proving each element of the crime. We find this cased distinguishable from the Howard case on its facts. We find that the prosecutor's statements in this case were not improper.
 {¶ 31} Appellant argues that the outcome of this trial might have been different without the prosecutor's comments based on the fact that the jury only convicted him of the felonious assault charge. We also find that this argument lacks merit. Certainly the *Page 10 
jury could have found that the victim was not credible and that someone else committed this crime. However, they could also have found the victim was not credible only insofar as the fact that she had gone willingly with appellant, but appellant assaulted her when she ceased to cooperate with him. In such a case, a conviction on the felonious assault charge alone would have been appropriate. This is not a bizarre set of verdicts as suggested by appellant. Appellant's fourth assignment of error is not well-taken.
 {¶ 32} In his fifth assignment of error, appellant argues that the cumulative effect of errors at trial violated his constitutional right to a fair trial. Inasmuch as we have found appellant's first four assignments of error not well-taken, there is no basis for arguing a cumulative error effect. Therefore, appellant's fifth assignment of error is found not well-taken.
 {¶ 33} Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED. *Page 11 
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4. *Page 1