THE STATE OF OHIO, APPELLEE, *v.* HAMBLIN, APPELLANT.

[Cite as State *v.* Hamblin (1988), 37 Ohio St. 3d 153.]

(No. 86-1846—Submitted March 15, 1988—Decided June 15, 1988.)

*John T. Corrigan,* prosecuting attorney, and *Timothy J. McGinty,* for appellee.

*Jay B. White,* for appellant.

H. BROWN, J. Our first task in a death penalty case is to consider the claims of error by appellant. Second, we must independently weigh the aggravating circumstances in this case against any factors which mitigate against the imposition of the death penalty. Finally, we must independently decide whether appellant's sentence is disproportionate to the penalty in similar cases. For the reasons set forth below, we affirm the judgment of the court of appeals and uphold the sentence of death.

I

At trial, the prosecution played portions of the tape-recorded interrogations of the appellant. Appellant asserts that he was denied due process when the tapes were admitted into evidence because they contained: (1) irrelevant and highly prejudicial statements, and (2) police theories of how the crimes were committed.

R.C. 2929.05(A) requires us to review the record. The tape-recordings encompass nearly one hundred pages of trial transcript. As a result of our review, we find that portions of the tapes contain inadmissible and irrelevant statements. The tapes place unsworn police testimony before the jury, which testimony does reinforce the prosecution's theory of the case. The testimony on the tapes does attack the appellant's character and credibility. Character and credibility of the appellant were not issues, since the appellant did not testify. See Evid. R. 404.

However, the trial court's error will be considered harmless if, absent the inadmissible statements, it is clear beyond a reasonable doubt that the jury would have found the appellant guilty. See *Brown* v. *United States* (1973), 411 U.S. 223, 231-232; *Chapman* v. *California* (1967), 386 U.S. 18. Much of the taped material was cumulative to other properly admitted evidence and the state produced evidence, aside from the tapes, which conclusively established appellant's guilt. It is clear beyond a reasonable doubt that the jury would have found appellant guilty, without the inadmissible statements. Accordingly, the admission of the objectionable portions of the tapes was not prejudicial error.

II

Appellant asserts that he was denied the effective assistance of counsel which deprived him of a fair trial. Appellant's contention is based upon: (1) counsel's failure to object to the playing of the tape recordings, (2) counsel's failure to object to submission to the jury of a non-statutory aggravating factor, and (3) counsel's ineffective presentation at the mitigation stage of trial. The court of appeals did not address these three claims because appellant based his ineffective assistance of counsel claim upon different allegations in the court below. In the court of appeals, the appellant claimed ineffective assistance of counsel in that counsel (1) failed to renew a motion to sever the aggravated murder and aggravated robbery charges from the offenses of attempted murder and having a weapon under disability which resulted in prejudicial joinder, and (2) waived appellant's speedy trial rights, contrary to the best interests of appellant. Because this is a capital case, we will review all five arguments relating to the claim of ineffective assistance of counsel.

In Ohio, a properly licensed attor-

ney is presumed competent. *Vaughn* v. *Maxwell* (1965), 2 Ohio St. 2d 299, 301, 31 O.O. 2d 567, 568, 209 N.E. 2d 164, 166. The appellant bears the burden of proving that his trial counsel was ineffective. To carry this burden, appellant must show that counsel made errors so serious that counsel failed to function as the "counsel" guaranteed by the Sixth Amendment. *Strickland* v. *Washington* (1984), 466 U.S. 668, 687. Appellant must also demonstrate that the deficient performance prejudiced his defense. To establish prejudice, appellant must show that there is a reasonable probability that but for counsel's mistakes, the result of the trial would have been different. *Strickland, supra.*

### A

We find that counsel's failure to renew the motion to sever the offenses did not constitute ineffective assistance of counsel because the offenses were part of a common scheme or course of criminal conduct and properly joined under Crim. R. 14. Further, appellant failed to demonstrate that he was prejudiced by joinder of the offenses. (See discussion of the joinder question, *infra.*)

### B

Defense counsel's waiver of appellant's speedy trial rights failed to constitute ineffective assistance of counsel since appellant was brought to trial within a reasonable time and appellant failed to show that he was prejudiced by the delay or denied a fair trial. The trial court ordered a continuance of the trial date to obtain a psychiatric examination of appellant. Appellant's counsel had requested the examination. Though counsel attempted to withdraw the request when appellant objected to the examination and refused to cooperate with mental health authorities, the court ordered the exam-

ination to go forward in order to make sure that appellant's rights were protected regarding his competency. Under the circumstances, counsel cannot be charged with ineffective assistance.

### C

Appellant's contention that he was denied the effective assistance of counsel when counsel failed to object to the playing of the tape recordings is without merit. As noted earlier, the result of the trial would not have differed had the inadmissible portion of the tapes not been heard by the jury. See *Strickland, supra.*

### D

Appellant's contention that his representation was inadequate because counsel did not object to submission to the jury of a non-statutory aggravating factor is also without merit. Appellant correctly recognizes that R.C. 2941.14(B) limits the aggravating circumstances which may be considered in imposing the death penalty to those specifically enumerated in R.C. 2929.04(A). *State* v. *Johnson* (1986), 24 Ohio St. 3d 87, 24 OBR 282, 494 N.E. 2d 1061, syllabus. The indictment charged appellant with aggravated murder with two separate specifications. Specification 1 stated that the offense "* * * was committed while the offender was committing or attempting to commit or fleeing immediately after committing or attempting to commit Aggravated Robbery and either the offender was the principal offender in the commission of the Aggravated Murder or if not the principal offender, committed the Aggravated Murder with prior calculation and design." This specification sets forth the aggravating circumstance of R.C. 2929.04(A)(7). Specification 2 stated that "* * * the offender has previously been convicted of Robbery,

on or about the 25th day of August, 1972, in the Lucas County Court of Common Pleas, Ohio Case No. CR 700450, having been convicted of the crime of Robbery in violation of Revised Code Section 2901.12 of the State of Ohio." This specification of a prior robbery (an aggravated felony) conviction is not one of the enumerated aggravating circumstances under R.C. 2929.04(A). The effective assistance argument fails because the challenged specification was never considered by the jury at the sentencing phase of the proceedings. This resulted from a tactical decision by defense counsel who sought to avoid having the specification read to the jury.[1]

Further, the trial judge instructed the jury that the "aggravating circumstances [*sic*]" "* * * are set forth in the verdicts that have been returned" (*i.e.*, not as set forth in the indictment), and that the aggravating circumstance was "* * * the commission of aggravated murder while the Defendant, David Hamblin, was committing aggravated robbery, and the aggravating circumstance set forth in the verdict, to wit, that the defendant was the principal offender in the commission of aggravated murder." This instruction properly described the aggravating circumstance set forth in R.C. 2929.04 (A)(7) and was not in error.

### E

Appellant argues that counsel's assistance was ineffective at the mitigation stage because no evidence was presented other than appellant's un-

sworn statement and testimony of Rhonda Lezark, appellant's girlfriend. Failure to present mitigating evidence at the penalty stage of a capital trial does not in itself constitute proof of ineffective assistance of counsel. *Johnson, supra.* This is especially true where no showing has been made that any mitigating evidence was in existence. Our review of the record indicates that counsel, with appellant's consent, made a tactical decision not to request presentence investigatory or psychiatric reports. The record supports the conclusion that the decision was a prudent one, in light of appellant's extensive criminal record and the pretrial psychiatric examination which found appellant competent.

We find that appellant was not denied his Sixth Amendment right to a fair trial by ineffective assistance of counsel.

### III

Appellant argues that the trial court erred by not granting defense counsel's motion to sever the charges of aggravated murder and the aggravated robbery of Merrick from the charges of attempted murder of English and having a weapon while under disability. We reject appellant's argument for two reasons: (1) joinder was proper under Crim. R. 8[2] since the offenses were part of a common scheme or course of criminal conduct, and (2) appellant failed to show that he was prejudiced by joinder of the offenses, as required by Crim. R. 14.[3]

Joinder of offenses is favored be-

---

[1] The court had previously granted defense counsel's motion to waive jury consideration of the specification.

[2] Crim. R. 8 provides in part:
"(A)  Joinder of offenses. Two or more offenses may be charged in the same indictment, information or complaint in a separate count for each offense if the offenses

charged, whether felonies or misdemeanors or both, are of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct.

[3] Crim. R. 14 provides in part:

cause it conserves resources by avoiding duplication inherent in multiple trials and minimizes the possibility of incongruous results that can occur in successive trials before different juries. *State* v. *Thomas* (1980), 61 Ohio St. 2d 223, 225, 15 O.O. 3d 234, 236, 400 N.E. 2d 401, 404. Crim. R. 8(A) permits joinder when the charged offenses are "* * * based on the same act or transaction, * * * or are part of a course of criminal conduct."

The facts in the present case indicate that joinder was proper because the offenses were part of a continuing course of criminal conduct. The crimes of attempted murder and having a weapon while under disability and aggravated murder and aggravated robbery took place at two locations one-eighth of a mile apart. The two criminal acts occurred less than twenty minutes of one another. The evidence relating to the two crimes was interrelated.

Before the state could introduce the inculpatory evidence seized from appellant's car, it first had to identify the car as seen in the Big Creek Reservation and connect it with appellant. To do this, the state made a showing that (1) appellant was observed in the metropark seated in his car throughout the day of October 13, 1983, (2) a witness who saw appellant in the metropark aided police by giving them a composite sketch of appellant and most of his car's license plate number, (3) the police discovered Merrick's personal belongings in appellant's car, and (4) appellant's blue windbreaker jacket, seen by English just before he was shot, was found in the car. It was stained with blood identified as Merrick's. Not only did the car link appellant to both the attempted murder and aggravated murder, but the search of appellant's home revealed a .357 magnum rifle wrapped in a bedsheet and hidden under a dresser, groceries which matched the ones purchased by Merrick immediately before she was murdered and a Rini's grocery bag stained with blood which was determined to be Merrick's.

The interlocked evidence and the proximity in location and time of the two crimes confirm that the offenses were part of a continuing course of criminal conduct and joinder was proper under Crim. R. 8(A).

Further, the appellant did not demonstrate prejudice from the joinder as required by Crim. R. 14. To demonstrate prejudice, appellant was required to show that the trial court abused its discretion in refusing to separate the charges for trial. *State* v. *Torres* (1981), 66 Ohio St. 2d 340, 343, 20 O.O. 3d 313, 315, 421 N.E. 2d 1288, 1291; *Opper* v. *United States* (1954), 348 U.S. 84, 95.

Appellant argues that his right to a fair trial was prejudiced by the joinder because (1) the combination of the separate offenses had a cumulative effect on the jury, and (2) the jury inferred a criminal disposition on the part of appellant from the evidence of the crime of attempted murder which led the jury to find him guilty of the crime of aggravated murder. See *Drew* v. *United States* (C.A.D.C. 1964), 331 F. 2d 85, 88.[4]

"If it appears that a defendant or the state is prejudiced by a joinder of offenses or of defendants in an indictment, information, or complaint, or by such joinder for trial together of indictments, informations or complaints, the court shall order an election or separate trial of counts, grant a severance of defendants, or provide such other relief as justice requires. * * *"

[4] In *Drew, supra,* however, the court found that the possibility of "criminal disposition" is not enhanced by joinder when "* * * the two crimes arose out of a continuing transaction or the same set of events, [and] the evidence would be independently admissible in separate trials." *Id.* at 90.

We find no merit in appellant's claim. Where the evidence of each of the joined offenses would be admissible at separate trials, severance is not required because prejudice due to the cumulation of evidence or the inference of a criminal disposition is largely absent. *Blunt* v. *United States* (C.A.D.C. 1968), 404 F. 2d 1283, certiorari denied (1969), 394 U.S. 909; *Johnson* v. *United States* (C.A. 8, 1966), 356 F. 2d 680, certiorari denied (1966), 385 U.S. 857; *Pummill* v. *United States* (C.A. 8, 1961), 297 F. 2d 34; see *State* v. *Martin* (1985), 19 Ohio St. 3d 122, 127, 19 OBR 330, 334, 483 N.E. 2d 1157, 1162. Moreover, the jury is capable of segregating the proof of multiple charges when, as in the present case, the evidence of each crime is uncomplicated. *State* v. *Roberts* (1980), 62 Ohio St. 2d 170, 16 O.O. 3d 201, 405 N.E. 2d 247, certiorari denied (1980), 449 U.S. 879. We conclude that the trial court did not abuse its discretion in overruling appellant's motion for severance.

## IV

We now undertake the independent weighing process to determine whether the aggravating circumstance appellant was found guilty of committing outweighs the mitigating factors in the case. R.C. 2929.05(A).

The aggravating circumstance was that appellant was the principal offender in the aggravated murder of Lillian Merrick while committing or attempting to commit aggravated robbery.

Appellant presented one witness, Rhonda Lezark, at the sentencing hearing. Additionally, appellant made an unsworn statement to the jury. Lezark testified that appellant was a good father to their daughter. Appellant said that he completed the seventh grade, left home temporarily at age thirteen (permanently at age sixteen), and was sorry for Merrick's death but that he was not responsible for it.

The evidence of record supports the finding of the aggravating circumstance and we conclude that the sentencing and appellate courts properly weighed the aggravating circumstance against the factors presented as mitigating. We independently find that the aggravating circumstance outweighs the mitigating factors beyond a reasonable doubt.

## V

Our final task is to determine whether appellant's sentence of death is disproportionate to sentences imposed for similar crimes. Compared with other capital cases where the principal offender was convicted of committing aggravated murder while committing or attempting to commit aggravated robbery, the sentence imposed herein is neither excessive nor disproportionate. See *State* v. *Jenkins* (1984), 15 Ohio St. 3d 164, 15 OBR 311, 473 N.E. 2d 264; *Martin, supra; State* v. *Williams* (1986), 23 Ohio St. 3d 16, 23 OBR 13, 490 N.E. 2d 906; *State* v. *Barnes* (1986), 25 Ohio St. 3d 203, 25 OBR 266, 495 N.E. 2d 922; *State* v. *Scott* (1986), 26 Ohio St. 3d 92, 26 OBR 79, 497 N.E. 2d 55; *State* v. *Byrd* (1987), 32 Ohio St. 3d 79, 512 N.E. 2d 611; and *State* v. *Post* (1987), 32 Ohio St. 3d 380, 513 N.E. 2d 754.

In accordance with R.C. 2929.05 (A), we affirm the conviction and appellant's sentence of death.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS and WRIGHT, JJ., concur.