DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, that accepted appellant Samuel P.'s admission to a charge of attempted gross sexual imposition and found him to be a delinquent child. For the reasons that follow, this court reverses the judgment of the trial court.
Appellant sets forth the following assignments of error:
"Assignment of Error No. 1
 "THE TRIAL COURT VIOLATED APPELLANT SAMUEL P.'S GUARANTEED DUE PROCESS RIGHTS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND ARTICLE ONE, SECTION SIXTEEN OF THE OHIO CONSTITUTION IN THAT HE WAS INCOMPETENT TO STAND TRIAL.
"Assignment of Error No. 2
 "THE TRIAL COURT FAILED TO COMPLY WITH JUVENILE RULE 29(D) AND CRIMINAL 11(C) OF THE OHIO RULES OF CRIMINAL PROCEDURE, THEREBY VIOLATING APPELLANT SAMUEL P.'S DUE PROCESS RIGHTS AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND OF ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
"Assignment of Error No. 3
 "SAMUEL P. WAS DENIED HIS RIGHT TO HAVE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND IN VIOLATION OF ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION WHEN COUNSEL ALLOWED HIM TO PLEAD GUILTY EVEN THOUGH HE WAS INCOMPETENT TO STAND TRIAL."
The facts that are relevant to the issues raised on appeal are as follows. On October 7, 1998, two complaints were filed in the Lucas County Court of Common Pleas, Juvenile Division, alleging that on August 29, 1998, appellant, who was then fifteen years old, had approached a twelve-year-old female and forcibly grabbed her breasts and approached a sixteen-year-old female and forcibly grabbed her breasts and buttocks. The complaints alleged that appellant was delinquent in violation of R.C. 2907.05, gross sexual imposition. On October 8, 1998, appellant appeared before a magistrate for a detention hearing and denied the charges. The magistrate ordered that appellant be detained in the Child Study Institute. On October 19, 1998, the magistrate entered an order scheduling a trial and ordering that appellant remain in custody. A pre-trial was held on October 30, 1998, at which time appellant entered an admission to one count of attempted gross sexual imposition. The state requested that the second count be dismissed. The magistrate accepted appellant's admission and found him delinquent in violation of R.C. 2907.05
(A)(1) and 2923.02. The magistrate committed appellant to the legal custody of the Ohio Department of Youth Services for a period of six months to age twenty-one, ordered him to make restitution for any out-of-pocket losses, to have no contact with the victims and to successfully complete sexual offender treatment prior to release from detention. On November 30, 1998, the trial court adopted the magistrate's decision. It is from that judgment that appellant appeals.
This court will first address appellant's third assignment of error, in which he asserts that he was denied effective assistance of counsel when his attorney allowed him to enter an admission. Appellant asserts that trial counsel failed to advise the magistrate of appellant's deficient mental state and of the fact that he was on a psychotropic medication at the time of trial until after appellant's plea was accepted.
To prevail on a claim of ineffective assistance of counsel, appellant must show that counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. This standard requires appellant to satisfy a two-part test. First, appellant must show that counsel's representation fell below an objective standard of reasonableness. Second, appellant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different when considering the totality of the evidence that was before the court. Strickland v. Washington (1984), 466 U.S. 668. This test is applied in the context of Ohio law that states that a properly licensed attorney is presumed competent. State v. Hamblin (1988),37 Ohio St.3d 153.
After the magistrate accepted appellant's admission and found him delinquent, she resolved additional matters relating to another charge against appellant. The state then responded to the magistrate's request for recommendations as to disposition and the following exchange then took place:
"THE COURT: Mr. Hoffman, anything on behalf of your client?
 "MR. HOFFMAN: Yes, Your Honor my client is 15 years old. He has been committed previously in the past. He has a history of mental illness, there is mild retardation. I believe there was some brain damage from an accident. There also — from talking with the parole officer he's presently under Risperdal which is a psychotropic medication commonly associated with schizophrenia. And that there is some indications from DYS's psychologist in dealing with him in the past that he could have schizophrenia.
 "We request that in any event that that be more thoroughly investigated for his own safety as well as the community's. * * *
"THE COURT: Ms. Kirkhope, do you have anything to add?
 "MS. KIRKHOPE: I neglected to mention that we request a sexual offender treatment assessment as well.
 "THE COURT: I think we should state for the record based upon counsel's statement in regard to the numerous psychological and/or psychiatric problems that Samuel may be having there was, in fact, a competency evaluation done at an earlier date on other charges where Samuel was found to be competent. And although he is — has been prescribed medication, Mr. Hoffman, you do not feel that it was necessary to file a motion for competency and it's —
"MR. HOFFMAN: No, Your Honor.
 "THE COURT: And he does, in fact, understand everything that's happening here today?
 "MR. HOFFMAN: Yes, Your Honor. He's oriented to time and place, and he's competent to stand trial. * * *"
This court has thoroughly reviewed the record of proceedings in this case and, upon consideration thereof, we find that appellant did not receive effective assistance of trial counsel. It is clear from the record that at the outset of the hearing, if not before, appellant's counsel was in possession of information that appellant was currently taking a psychotropic prescription medication and that appellant had a history of mental illness, mild retardation, possible brain damage from an automobile accident and possible schizophrenia. Prior to the magistrate's inquiry, however, trial counsel did not raise the issue of appellant's competence. This court is at a loss to explain why, after raising the numerous and potentially serious concerns detailed above, trial counsel indicated to the magistrate that he did not think it necessary to file a motion for a determination of competence. Counsel was aware that, since the time of an earlier competency evaluation, appellant had suffered "possible brain damage." While we recognize that in Ohio a properly licensed attorney is presumed competent, we must find that appellant's legal representation in this case fell below an objective standard of reasonableness. Counsel was aware of circumstances which, at a minimum, should have been presented to the magistrate before she questioned appellant and accepted his admission. We further find that there is a reasonable probability that, but for counsel's failure to bring these factors to the court's attention at the outset and request a competency evaluation, the results of the proceeding would have been different. Upon consideration of the foregoing, this court finds that counsel's conduct so undermined the proper functioning of the adversarial process that appellant's hearing cannot be relied upon to have produced a just result. Accordingly, appellant's third assignment of error is well-taken.
In his first and second assignments of error, appellant asserts that the trial court erred by accepting his admission and by failing to comply with Juv.R. 29(D) and Crim.R. 11(C). In light of our finding that appellant did not receive effective assistance of counsel and that the entire proceeding was tainted thereby, we must find that appellant's first and second assignments of error are rendered moot.
On consideration whereof, this court finds that substantial justice was not done the party complaining and the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is hereby reversed. This case is remanded to the trial court for further proceedings consistent with this opinion. Court costs are assessed to appellee.
 _____________________ Melvin L. Resnick, J.
James R. Sherck, J., Richard W. Knepper, P.J., CONCUR.