OPINION AND JOURNAL ENTRY
On March 15, 2000, this Court issued an Opinion in the appeal filed by Appellant, Steven Burch, on his conviction after a guilty plea to two counts of kidnapping and one count of felonious assault. The appeal revolved mainly around Appellant's sentence. This Court affirmed the trial court in part and reversed in part, modifying Appellant's sentence by vacating one of his three year terms of imprisonment on a firearm specification.
Appellant subsequently retained new appellate counsel and, instead of filing a further appeal of the matter to the Supreme Court, filed an application for reopening of Appellant's original appeal on June 12, 2000. Appellant now claims that due to the ineffective assistance of counsel, Appellant was not able to raise two issues on direct appeal; 1) that his sentences imposed by the trial court did not comport with Ohio's new sentencing laws, and 2) that Appellant was owed a duty by trial counsel to raise the issue that his charged offenses were allied and thus, should have merged for sentencing purposes.
On August 10, 2000, Appellee filed in opposition to the request for reopening. In this filing, Appellee correctly points out that in the original appeal, this Court undertook a complete review of Appellant's sentence and, while vacating one firearm specification, upheld the remainder of the sentencing as lawful. Further, Appellee states that while trial counsel and the original appellate counsel did not raise the issue of allied offenses, counsel had no duty to do so under law and thus, this failure did not constitute ineffective assistance.
After a review of the record in this matter, we are compelled to agree with Appellee and hold that Appellant's application for reopening is denied.
At the outset, we must note that the application's first assertion, that the trial court violated the sentencing guidelines, was considered by this Court in the underlying appeal. Thus, as to this issue the application falls short of the requirements of the appellate rules. Rule 26(B)(c) specifically states that Appellant must present in his application, ". . .one or more assignments of error that previously were not considered on the merits. . . ." In Appellant's first assignment, Appellant argues that his counsel was ineffective because he did not argue that the trial court failed to follow R.C. § 2929.12 in sentencing and that the ultimate sentence imposed did not comport with this section. Without restating our entire opinion in the underlying appeal at length, it must be noted that this Court did undertake a complete review of Appellant's sentence and determined that, firearm specification aside, it did comport with law. At pages 10 through 14 of the Opinion, we carefully set out the relevant law (echoed in Appellant's application) and the facts as they were gleaned from an undisputedly correct record. We set out five paragraphs of findings by the trial court. We determined that in his findings, the trial court did, in fact, undertake the review mandated by R.C. § 2929.12 and we upheld the sentencing.
We do note, here as in our original opinion, that the original appellate counsel cited to and argued the incorrect law. However, in noting that, we reviewed the record and the sentencing under the correct standards. Appellant apparently recognizes this when he raises no new statutory or case law, but extensively argues his own interpretation of the underlying facts in an attempt to convince this Court that the trial court's sentencing was excessive. While Appellant may not agree with the trial court's determination of fact, our initial review convinced us that the trial court correctly applied the law to those facts. Thus, as we have once completely reviewed this matter, Appellant is not entitled to a reopening of his appeal on this issue according to rule.
Appellant next entreats us to reopen his appeal by arguing an issue that was not addressed originally. Appellant urges that we find his counsel to be ineffective because it was not raised to the trial court and not argued on direct appeal that one of the felonious assault charges and the kidnapping charge should be merged for sentencing purposes. Appellant claims that his original counsel had a mandatory duty to do so and that this failure to do so rises to the level of ineffective assistance. Appellant cites the standard of review on an ineffective assistance claim as found in Strickland v. Washington (1984),466 U.S. 688. That is, that a defendant must prove that his counsel's performance was deficient and that the deficiency prejudiced the defendant to the extent that he was deprived of a fair trial. Appellant argues the cases regarding allied offenses and argues, very briefly, his belief that the felonious assault and kidnapping charges as to the female victim were allied offenses and the convictions and the sentence for these offenses should have been merged by the trial court. In rebuttal, Appellee argues that the law places no duty on Appellant's counsel to raise this issue and that, therefore, his performance in failing to raise the matter could not be ruled ineffective as a matter of law.
Both parties have treated this issue rather cavalierly in their arguments. While Appellant is correct that the Strickland
test sets the standard for determining whether a lawyer's performance has been ineffective, the test is more stringent than Appellant implies. In Ohio, we must presume that a properly licensed attorney is competent, State v. Hamblin (1988), 37 Ohio St.3d 153. With this presumption in mind, the Strickland test actually requires that the attorney's performance fell below an objective standard of reasonableness and includes the provision that there must be a reasonable probability that, but for the lawyer's errors, the result of the proceeding would have been different. This last determination is based on the totality of the evidence before the court.
From the record before us in this matter, we can see that Appellant's counsel did not request the court to consider the issue of allied offenses at sentencing. On first glance, the evidence might appear to lend itself to such a request. However, there is an equal possibility that this failure was a trial strategy, particularly when Appellant was entering into a plea agreement. Thus, we cannot say that counsel's representation clearly fell below an objective standard of reasonableness based on the record before us. As the first prong of the Strickland
test cannot be met, we cannot find Appellant's original counsel to be ineffective. On this basis, his second issue in this request to reopen Appellant's appeal also fails.
For all of the foregoing, we hold that Appellant's application to reopen his appeal of his conviction and sentencing is denied.
Waite, J., concurs.
Cox, P.J., concurs.
Vukovich, J., concurs.