OPINION AND JOURNAL ENTRY
On November 19, 1999, this Court entered its Opinion and Journal Entry in the underlying appeal of this matter. On March 13, 2000, we received an application for reopening of this appeal filed by Appellant pro-se. On March 28, 2000, the state filed in opposition to reopening. Based on the record before us, we find that Appellant's application has no merit and it is hereby denied.
As Appellee points out, the application itself is untimely. App.R. 26 provides that such an application must be filed no less than ninety days after journalization of the decision on appeal unless the Appellant can show good cause for missing this deadline. Appellant was several weeks beyond his ninety day filing deadline, but claims that he had good cause to be late for various reasons. As Appellee points out in its response, none of these reasons can been seen as the "good cause" anticipated by rule. Appellant is using his alleged liver disease as an excuse, but as Appellee points out this has not prevented Appellant from pursuing his direct appeal, a Supreme Court appeal, a post-conviction petition and two appeals based on this petition and a compliant in mandamus, all pro-se. Appellant claims he was not informed of his "right" to file this application by his counsel, however, there is no duty incumbent upon his former counsel to extensively inform Appellant of all of the applicable rules which may, or not, provide available relief to Appellant. Further, it is abundantly clear from the extensive listing of his pro-se filings that Appellant is, or should be by now, very familiar himself with the rules of procedure. This is especially true as Appellant has, once before, filed a pro-se Application for Reconsideration.
Appellant also claims that he was somehow denied access to the transcript of the suppression hearing. However, Appellant was sent, in August of last year, a copy of this transcript.
For all of the foregoing, Appellant has failed to show this Court good cause for filing his present application beyond rule and this application must be denied as untimely.
That said, it is apparent from the body of Appellant's application that his general claims of ineffective assistance of counsel fall far short of the standard required. Appellant, in broad, general terms, complains that his counsel's brief on direct appeal was lacking because it is Appellant's personal belief that counsel did not adequately review the suppression hearing transcript and that the brief, which contained "only" three assignments of error, was somehow not long enough. Appellant would have preferred, apparently, that other arguments be raised.
We must note that Appellant was permitted and did file a supplement to his counsel's brief on direct appeal. Thus, his claims in this regard are not persuasive. Also, as Appellee aptly points out, counsel's decisions regarding his appellate tactics do not, in any regard, rise to the level of ineffective assistance.
In Ohio, licensed attorneys are presumed competent, State v.Hamblin (1988), 37 Ohio St.3d 153. The seminal test for determining whether a lawyer has provided representation that could be called incompetent is found in Strickland v. Washington
(1984), 466 U.S. 668. Strickland sets out a two part test; first, a defendant must show that his attorney's representation was so poor that it fell below an objective standard of reasonableness. If this prong has been met, the defendant still must show that, when considering all of the evidence on the record, there is a reasonable probability that, but for the lawyer's errors, the result would have been different.
Appellant has not specifically stated, other than the complained brevity, that his lawyer on direct appeal erred. Again, the worst complaint Appellant presents is that he did not like his lawyer's tactic on appeal. In no way does Appellant present representation which fell below what a court would reasonably expect. Thus, Appellant cannot even meet the first part of the Strickland test and his application also fails on the merits.
For all of the foregoing, Appellant's application to reopen his appeal in this matter is denied.
Waite, J., concurs.
Donofrio., J., concurs.
Vukovich, J., concurs.