DECISION AND JUDGMENT
{¶ 1} Appellant, Seybert Williams, Jr., appeals from his convictions in the Wood County Court of Common Pleas for compelling prostitution and corrupting a minor with drugs. For the reasons that follow, we affirm. *Page 2 
 {¶ 2} Appellant sets forth the following assignments of error:
 {¶ 3} "I. The trial court erred in denying appellant's rule 29 motion for acquittal and in convicting him of compelling prostitution and corrupting another with drugs thereby violated his due process rights pursuant to the fourteenth amendment and the united states constitution and the Ohio constitution, article 1, section 10.
 {¶ 4} "II. Appellant received ineffective assistance of counsel in violation of his rights under the sixth and fourteenth amendments to the united states constitution and article I, § 10 of the constitution of the state of Ohio.
 {¶ 5} "III. Appellant's conviction was against the manifest weight of the evidence."
 {¶ 6} On October 19, 2006, appellant was indicted on six counts of compelling prostitution, violations of R.C. 2907.21(A)(1), and one count of corrupting another with drugs, a violation of R.C. 2925.02(A)(4)(a). The indictment specified that the victim was less than 16 years of age.
 {¶ 7} A jury trial commenced on May 14, 2007. Northwood, Ohio police officer Nicole Pflieger testified that she was dispatched to appellant's residence on August 7, 2006. The police department had received a call from the parent of a missing juvenile who believed his daughter was at appellant's residence. When Pflieger arrived at appellant's residence, she saw a young girl, the victim, through the window sleeping on a couch. Pflieger knocked on the door and appellant answered. Pflieger asked appellant who the girl was and appellant responded that she was a friend of his daughter. Pflieger *Page 3 
asked appellant to wake the victim up. When appellant and Pflieger were unable to wake her, Pflieger called the paramedics who took the victim to the hospital. Afterwards, police found a bag of white pills underneath the pillow that the victim had been using.
 {¶ 8} Detective Tina Sigler of the Northwood Police Department testified that she talked to the victim's father and the victim's aunt at the hospital. They told Sigler that the victim was a 14 year-old prostitute. When the victim regained consciousness, she told Sigler that she had taken the pain killer Percocet earlier in the day and that she had been awake for three days straight because she was using crack cocaine. She told Sigler that appellant was her friend who helped her with money but that she did not have sex with him.
 {¶ 9} The victim testified that she frequently had sex with appellant for money to pay for her crack cocaine addiction. Usually, appellant would pick the victim up at her house in Toledo and drive her to his residence in Northwood to have sex with her. The victim testified that in exchange for sex, appellant also provided her with drugs, jewelry and clothing. The victim testified that she initially told appellant she was 18 years old but that appellant later found out she was 14. She admitted that she lied to Detective Sigler about her relationship with appellant because she did not want appellant to get in trouble.
 {¶ 10} Mary Smith testified that she is a neighbor of appellant. She often spent time at appellant's residence because she is friends with appellant's daughter. Mary Smith testified that appellant introduced the victim as his girlfriend. One day while *Page 4 
visiting, Mary Smith testified, she accidentally opened appellant's bedroom door and saw appellant and the victim having sex.
 {¶ 11} The victim's aunt, Angela V., testified that her niece told her that appellant had given her Percocet on August 7, 2006. Her niece also told her that she had sex with appellant and that appellant had offered to buy her a car if she refused to testify at appellant's trial.
 {¶ 12} Appellant took the stand in his own defense. He testified that he never had sex with the victim and that he had never given her Percocet. He testified that he knew she had a drug problem and that he was trying to help her stop using drugs. Sometimes, he would pay the victim to clean his residence. He testified that due to his fixed income, he could not afford to pay the victim for sex if he wanted to.
 {¶ 13} On May 16, 2007, the jury found appellant guilty on all counts. He was sentenced to 14 years in prison.
 {¶ 14} In his first assignment of error, appellant contends that the trial court erred in denying his motion for acquittal. A Crim. R. 29 motion is a test of the sufficiency of the state's evidence. Evidential sufficiency involves an analysis of whether the case should have gone to the jury. See State v. Thompkins, 78 Ohio St.3d 380, 386. When examining a claim that there was insufficient evidence to sustain a conviction, the "inquiry is, after viewing the evidence in a light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."State v. Jenks (1991), 61 Ohio St.3d 259, 273. *Page 5 
 {¶ 15} Thus, in determining whether a conviction is based on sufficient evidence, an appellate court does not assess whether the evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. See Jenks, supra, at paragraph two of the syllabus; State v. Yarbrough, 95 Ohio St.3d 227,2002-Ohio-2126, ¶ 79 (noting that courts do not evaluate witness credibility when reviewing a sufficiency of the evidence claim). A guilty verdict will not be disturbed on appeal unless reasonable minds could not reach the conclusion reached by the trier of fact.Jenks, supra, at 273; State v. Dennis (1997), 79 Ohio St.3d 421, 430.
 {¶ 16} The elements of R.C. 2907.21(A)(1), compelling prostitution, are as follows:
 {¶ 17} "(A) No person shall knowingly do any of the following:
 {¶ 18} "(1) Compel another to engage in sexual activity for hire."
 {¶ 19} The elements of R.C. 2925.02(A)(4)(a), corrupting another with drugs, are as follows:
 {¶ 20} "(A) No person shall knowingly do any of the following:
 {¶ 21} "* * *
 {¶ 22} "(4) By any means, do any of the following:
 {¶ 23} "(a) Furnish or administer a controlled substance to a juvenile who is at least two years his junior, when the offender knows the age of the juvenile or is reckless in that regard." *Page 6 
 {¶ 24} Here, the victim and her aunt testified that the 48-year-old appellant, knowing the victim was a minor, gave the victim money, clothing, jewelry and drugs in exchange for sex. When construed most favorably to the state, sufficient evidence was presented from which the jury could find beyond a reasonable doubt that all the essential elements of the crimes of compelling prostitution and corrupting another with drugs were established. Appellant's first assignment of error is found not well-taken.
 {¶ 25} In his second assignment of error, appellant contends that he was denied effective assistance of counsel. Two objective factors must be proven to establish ineffective assistance of counsel. Strickland v.Washington (1984), 466 U.S. 668, 687. "First, the defendant must show that counsel's performance was deficient." Id. "Second, the defendant must show that the deficient performance prejudiced the defense." Id. The counsel's errors must have been serious enough to disrupt the protections afforded through the Sixth Amendment and the defendant's right to a fair trial. Id. An attorney's trial strategy does not usually provide for a claim of ineffective assistance of counsel. State v.Gaston, 6th Dist. No. L-06-1183, 2008-Ohio-1856. Courts give deference to the strategy of an appointed counsel and tend to presume that counsel acted in a reasonable manner. Id. In Ohio, a properly licensed attorney is presumed competent and the burden is on the appellant to show counsel's ineffectiveness. State v. Lytle (1976), 48 Ohio St.2d 391;State v. Hamblin (1988), 37 Ohio St.3d 153.
 {¶ 26} Appellant contends his counsel was ineffective in failing to object to numerous hearsay statements made by various witnesses. Appellant also contends that *Page 7 
his counsel was ineffective in failing to ask for an examination of appellant's genitalia before trial for purposes of identification. Even assuming that inadmissible hearsay testimony was admitted and that a genitalia examination would have helped rule out appellant as the perpetrator, counsel's failure to object to the testimony and his failure to request an examination was harmless at best in light of the victim's testimony. Appellant's second assignment of error is found not well-taken.
 {¶ 27} In his third assignment of error, appellant contends that his convictions were against the manifest weight of the evidence. In reviewing whether a verdict is against the manifest weight of the evidence, the appellate court acts as a "thirteenth juror" to determine whether the trier of fact lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered. State v. Thompkins, supra. The trier of fact may believe all, part or none of the testimony of witnesses before it. State v.Maine, 4th Dist. No. 04CA46, 2005-Ohio3742, ¶ 20; State v. Antill
(1964), 176 Ohio St. 61, 67.
 {¶ 28} The jury in this case heard the testimony of appellant and the victim. In this matter, the jury apparently did not believe appellant's testimony. Having reviewed the transcript of the proceedings in its entirety, we can find nothing to suggest that the trier of fact lost its way or that a manifest miscarriage of justice requires a new trial. Accordingly, appellant's third assignment of error is not well-taken.
 {¶ 29} The judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay cost of this appeal pursuant to App. R. 24. Judgment for the *Page 8 
clerk's expense incurred in preparation of the record fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR. *Page 1