[Cite as *State v. Gadison*, 2021-Ohio-3966.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Craig R. Baldwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 2021CA00046 |
| ALVIN GADISON | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:     Appeal from the Stark County Court of
Common Pleas, Case No. 2020-CR-1672

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     November 4, 2021

APPEARANCES:

For Plaintiff-Appellee           For Defendant-Appellant

KYLE L. STONE           BERNARD L. HUNT
Prosecuting Attorney           2395 McGinty Road, N.W.
Stark County, Ohio           North Canton, Ohio 44720

VICKI L. DESANTIS
Assistant Prosecuting Attorney
Appellate Division
110 Central Plaza, South, Suite #510
Canton, Ohio 44702-1413

*Hoffman, J.*

**{¶1}** Defendant-appellant Alvin Gadison appeals the judgment entered by the Stark County Common Pleas Court convicting him of illegal conveyance of drugs of abuse onto grounds of a specified governmental facility (R.C. 2921.36(A)(2)) and criminal damaging (R.C. 2909.06(A)(1), (B)) and sentencing him to an aggregate term of thirty months incarceration. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶2}** On September 5, 2020, Deputy Richard Gurlea of the Stark County Sherriff's Department was dispatched on a criminal damaging complaint. When he arrived on the scene, the victim showed him a glass liquor bottle on the floor of her residence, and a hole through the glass of a nearby window. Appellant then arrived on the scene, and admitted to throwing the bottle through the victim's window.

**{¶3}** Dep. Gurlea proceeded to arrest Appellant. The deputy conducted a pat down search, finding nothing. However, as he transported Appellant to the jail for booking, Dep. Gurlea began to suspect not everything was found during the pat down search. Initially, Appellant was coherent and able to answer the deputy's questions. However, the longer Appellant was in custody, the deputy noted Appellant began to show signs of being under the influence.

**{¶4}** By the time Dep. Gurlea and Appellant arrived at the jail, Appellant was lethargic, sluggish, and displayed slurred speech. Dep. Gurlea put Appellant in a temporary holding cell while the deputy entered information into a computer. Appellant fell asleep in the holding cell.

**{¶5}** Deputy Tristan Heath was working in the receiving area of the jail when Appellant was brought in by Dep. Gurlea. Dep. Heath patted Appellant down, finding

nothing. Appellant was agitated and fidgety, and tried to distract the deputy during this search. Dep. Heath described Appellant's behavior as "deceitful." Tr. 113.

{¶6} Appellant was then put through a body scan, designed to pick up metal objects. After clearing the scanner, Appellant was taken to a holding cell. This cell was checked every time an inmate leaves the cell. Appellant was processed through this cell during the Covid-19 pandemic, and because of this, the cell was also cleaned after every use. The cell was therefore empty when Appellant entered.

{¶7} Appellant moved behind a partition in the holding cell, where a toilet was located. When Appellant came out from behind the partition, he handed Dep. Heath his underwear. Two clear baggies fell out, containing a white substance. Appellant informed the deputy the substance was crack cocaine.

{¶8} Appellant was indicted by the Stark County Grand Jury for conveyance of drugs of abuse onto grounds of a specified governmental facility, domestic violence, and criminal damaging. The State filed a nolle prosequi as to the charge of domestic violence.

{¶9} The case proceeded to jury trial on the remaining charges. Appellant was convicted of both charges. Appellant was sentenced to thirty months incarceration for conveyance of drugs of abuse onto grounds of a specified governmental facility, and to thirty days incarceration for criminal damaging, to be served concurrently.

{¶10} It is from the March 29, 2021 judgment of the trial court Appellant prosecutes this appeal, assigning as error:

I. THE APPELLANT WAS DENIED HIS EFFECTIVE ASSISTANCE OF COUNSEL.

## II. THE TRIAL COURT ERRED WHEN IT FAILED TO GRANT THE APPELLANT'S CRIMINAL RULE 29 MOTION FOR ACQUITTAL.

### I.

**{¶11}** In his first assignment of error, Appellant argues his trial counsel was ineffective for failing to inquire further concerning Dep. Gurlea's testimony about the changes in Appellant's demeanor, and for failing to object to Dep. Heath's characterization of Appellant as "deceitful."

**{¶12}** A properly licensed attorney is presumed competent. *State v. Hamblin*, 37 Ohio St.3d 153, 524 N.E.2d 476 (1988). Therefore, in order to prevail on a claim of ineffective assistance of counsel, Appellant must show counsel's performance fell below an objective standard of reasonable representation and but for counsel's error, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). In other words, Appellant must show counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Id.*

**{¶13}** Dep. Gurlea testified during the course of the arrest and transportation of Appellant to the jail, Appellant's demeanor changed from coherent to lethargic, sluggish, and apparently under the influence. Appellant argues trial counsel was ineffective for failing to inquire further about the deputy's observation on cross-examination. We find Appellant has not demonstrated counsel was ineffective in this respect. Further questioning might only have drawn further attention to the deputy's perception Appellant

was under the influence, emphasizing to the jury Appellant possibly ingested drugs during the encounter and carried those drugs with him into the jail.  In addition, Appellant has not demonstrated the result of the proceeding would have been different had counsel inquired further on this issue.  We find counsel was not ineffective in this respect.

**{¶14}** Appellant also argues counsel was ineffective in failing to object to Dep. Heath's description of Appellant as "deceitful."  When asked by the prosecutor to elaborate on the term "deceitful," Dep. Heath explained in his experience in law enforcement and corrections, if he is patting someone down and the person tries to distract him during this process, it is a sign the person might have something on them. Tr. 113-114.  The deputy noted Appellant talked a lot and tried to jump up on a table, which are telltale signs Appellant might have something on him.  Tr. 114.  We find Appellant has not demonstrated in the absence of the use of the word "deceitful" to characterize his behavior, the result of the proceeding would have been different.  The evidence demonstrated the baggies of drugs fell out of Appellant's underwear when he handed it to the deputy, and Appellant told the deputy the substance was crack.

**{¶15}**  The first assignment of error is overruled.

II.

**{¶16}** In his second assignment of error, Appellant argues the State did not present sufficient evidence to convict him of illegal conveyance of drugs of abuse onto grounds of a specified governmental facility, and the trial court erred in overruling his Crim. R. 29(A) motion for a judgment of acquittal.

**{¶17}**  A Crim. R. 29(A) motion for acquittal tests the sufficiency of the evidence presented at trial. *State v. Blue,* 5th Dist. Stark No. 2001CA00250, 2002–Ohio–351, *citing*

*State v. Williams*, 74 Ohio St.3d 569, 576, 1996–Ohio–91, 660 N.E.2d 724. Crim. R. 29(A) allows a trial court to enter a judgment of acquittal when the State's evidence is insufficient to sustain a conviction. A trial court should not sustain a Crim. R. 29 motion for acquittal unless, after viewing the evidence in a light most favorable to the State, the court finds no rational finder of fact could find the essential elements of the charge proven beyond a reasonable doubt. *State v. Franklin*, 5th Dist. Stark No. 2007–CA–00022, 2007–Ohio–4649 at ¶ 12, *citing State v. Dennis*, 79 Ohio St.3d 421, 1997–Ohio–372, 683 N.E.2d 1096.

**{¶18}** Appellant was convicted of violating R.C. 2921.36(A)(2):

(A) No person shall knowingly convey, or attempt to convey, onto the grounds of a detention facility or of an institution, office building, or other place that is under the control of the department of mental health and addiction services, the department of developmental disabilities, the department of youth services, or the department of rehabilitation and correction any of the following items:

(2) Any drug of abuse, as defined in section 3719.011 of the Revised Code[.]

**{¶19}** Appellant argues there was no evidence he carried the drugs into the jail in his underwear.  He argues before he handed the drugs to the deputy, he had been patted down twice, and nothing was found on him.

**{¶20}** Deputy Heath testified the holding cell in which Appellant changed his clothes was checked and cleaned after each use, and was empty when Appellant entered the cell. Although Appellant went behind a partition, the deputy had his eyes on Appellant while Appellant was changing. Deputy Heath testified it is difficult to feel a baggie tucked into a person's underwear during a pat down search, and further, the body scan Appellant was required to pass through was designed to only detect metal objects. Dep. Heath testified when Appellant handed over his underwear, two baggies of a white substance fell out. When the deputy asked Appellant what it was, Appellant responded it was crack.

**{¶21}** Further, Dep. Gurlea testified Appellant's demeanor changed during the arrest and process of transporting Appellant to the jail, giving rise to a suspicion Appellant was under the influence of something. We find the State presented sufficient evidence, if believed by a rational trier of fact, to find Appellant conveyed a drug of abuse into the county jail.

**{¶22}** The second assignment of error is overruled.

**{¶23}** The judgment of the Stark County Common Pleas Court is affirmed.

By: Hoffman, J.
Baldwin, P.J. and
Wise, Earle, J. concur