[Cite as *State v. Lyall*, 2022-Ohio-2016.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. CT2021-0047 |
| JOHN LYALL | |
| Defendant-Appellant | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Muskingum County Court of Common Pleas, Case No. CR2020-0482 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | June 14, 2022 |
| APPEARANCES: | |


| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| RYAN AGEE<br>100 S. Lafayette Street<br>Camden, Ohio 45311 | RONALD L. WELCH<br>Prosecuting Attorney<br>Muskingum County, Ohio<br><br>TAYLOR P. BENNINGTON<br>Assistant Prosecuting Attorney<br>Muskingum County, Ohio<br>27 North Fifth Street<br>P.O. Box 189<br>Zanesville, Ohio 43702-0189 |

*Hoffman, P.J.*

{¶1} Defendant-appellant John Lyall appeals the judgment entered by the Muskingum County Common Pleas Court convicting him of possession of drugs (R.C. 2925.11(A)) and possession of drug paraphernalia (R.C. 2925.14(C)(1)) following his pleas of no contest, and sentencing him to an aggregate term of sixteen months incarceration. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On May 29, 2020, police stopped the vehicle Appellant was driving. During a search of the vehicle, police found a baggie of suspected narcotics. Police also found a cut red straw. Appellant admitted the substance in the baggie was heroin; however, after testing, police discovered the substance was 1.95 grams of fentanyl.

{¶3} Appellant was indicted by the Muskingum County Grand Jury on possession of drugs and possession of drug paraphernalia. The parties entered a plea agreement, in which Appellant agreed to plead no contest to both charges in the indictment. As part of the plea agreement, the parties stipulated the counts of the indictment would not merge.

{¶4} The trial court convicted Appellant upon his pleas of no contest. Appellant was sentenced to sixteen months incarceration for possession of drugs and 30 days local incarceration for possession of drug paraphernalia, to be served concurrently.

{¶5} It is from the August 6, 2021 judgment of conviction and sentence Appellant prosecutes this appeal, assigning as error:

LYALL RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION.

**{¶6}** In his sole assignment of error, Appellant argues his trial counsel was ineffective by entering into a stipulation the offenses would not merge as allied offenses of similar import.

**{¶7}** A properly licensed attorney is presumed competent. *State v. Hamblin*, 37 Ohio St.3d 153, 524 N.E.2d 476 (1988). Therefore, in order to prevail on a claim of ineffective assistance of counsel, Appellant must show counsel's performance fell below an objective standard of reasonable representation and but for counsel's error, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). In other words, Appellant must show counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Id.*

**{¶8}** In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.2d 892, ¶25, the Ohio Supreme Court held when considering whether there are allied offenses which merge into a single conviction under R.C. 2941.25(A), both the trial court and the reviewing court on appeal must first take into account the conduct of the defendant. In other words, how were the offenses committed? *Id.* If any of the following is true, the offenses cannot merge and the defendant may be convicted and sentenced for multiple

offenses: (1) the offenses are dissimilar in import or significance—in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, or (3) the offenses were committed with separate animus or motivation. *Id.*

{¶9} We find Appellant has not demonstrated a reasonable probability the trial court would have merged the offenses as allied offenses of similar import had the parties not stipulated the offenses would not merge. The facts as read into the record demonstrate Appellant was in possession of two separate and distinct items: a baggie of fentanyl which formed the basis of the charge of possession of drugs, and a cut red straw which formed the basis of the possession of drug paraphernalia charge. This is not a case where Appellant was charged with possession of drugs based solely on residue found inside or on the drug paraphernalia, and there is nothing in the record to demonstrate the cut straw was possessed with the same animus or motivation as possession of the baggie of fentanyl. Even in the absence of Appellant's stipulation, we find the trial court could have concluded the items were possessed separately, with separate motivation or animus.

**{¶10}**  The assignment of error is overruled.

**{¶11}**  The judgment of the Muskingum County Common Pleas Court is affirmed. Costs are assessed to Appellant.


By: Hoffman, P.J.

Wise, John, J.  and

Delaney, J. concur