[Cite as *State v. Whitehouse*, 2026-Ohio-2275.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
MUSKINGUM COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO | Case No. CT2026-0001 |
| Plaintiff - Appellee | <u>Opinion and Judgment Entry</u> |
| -vs- | Appeal from the Muskingum County Court of Common Pleas, Case No. CR2025-0369 |
| COREY WHITEHOUSE | Judgment: Affirmed |
| Defendant - Appellant | Date of Judgment Entry: June 16, 2026 |

**BEFORE:** William B. Hoffman; Craig R. Baldwin; David M. Gormley, Judges

**APPEARANCES:** Ron Welch, Esq., Muskingum County Prosecuting Attorney, Joseph A. Palmer, Assistant Prosecuting Attorney, for Plaintiff-Appellee; Chris Brigdon, for Defendant-Appellant.

*Hoffman, P.J.*

{¶1} Defendant-appellant Corey Whitehouse appeals the judgment entered by the Muskingum County Common Pleas Court convicting him following jury trial of trafficking in cocaine (R.C. 2925.03(A)(1)), two counts possession of cocaine (R.C. 2925.11(A)), two counts of illegal manufacture of drugs (R.C. 2925.04(A)), four counts of endangering children as a felony of the third degree (R.C. 2919.22(B)(6)), four counts of endangering children as a misdemeanor of the first degree (R.C. 2919.22(A)), trafficking in a fentanyl-related compound (R.C. 2925.03(A)), and possession of a fentanyl-related compound (R.C. 2925.11(A)),  and sentencing him to an aggregate term of incarceration

of twenty-four years to twenty-nine and one-half years, with nineteen years of incarceration to be served as mandatory time. Plaintiff-appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶2} After he was caught with a small amount of narcotics, the confidential informant (hereinafter "C.I.") in the instant case approached police about supplying them with information for a controlled buy of drugs from Appellant. The C.I. arranged to purchase one half ounce of cocaine from Appellant. Police arranged for a controlled buy. The video from the buy shows Appellant removing what was later determined to be cocaine from a black zipper bag, weighing the cocaine on a scale, packaging the drugs, and handing the package to the C.I. Appellant's girlfriend and their shared two minor children were living in the home at the time, and the children were present at the time of the drug deal.

{¶3} Police obtained a search warrant for Appellant's house. Other drugs were recovered as a result of the search. Appellant was indicted by the Richland County Grand Jury with trafficking in cocaine, two counts of possession of cocaine, two counts of illegal manufacture of drugs, eight counts of endangering children, trafficking in a fentanyl-related compound, and possession of a fentanyl-related compound.

{¶4} Prior to trial, Appellant's original counsel withdrew from the case at Appellant's request. Jury trial was scheduled for October 21, 2025, and substitute counsel entered an appearance on October 17, 2025. On October 17, 2025, original counsel provided substitute counsel with a flash drive of discovery materials, and the State provided substitute counsel with electronic access to discovery.

**{¶5}** The trial court conducted a hearing on October 20, 2025, regarding counsel's request for additional time to review the discovery materials which were provided to him. The trial court continued the trial to October 28, 2025.

**{¶6}** The case proceeded to jury trial, at which Appellant raised the defense of entrapment. The C.I. testified he had been buying drugs from Appellant for around ten years. Appellant's former girlfriend, who was living in the house at the time of the controlled buy and pled guilty to permitting drug abuse and endangering children in connection with this case, testified Appellant sold weed, cocaine, methamphetamine, and fentanyl.

**{¶7}** Appellant testified on his own behalf at trial. He admitted he sold drugs to support his own drug habit, but testified the C.I. was his supplier, not a customer. Appellant testified he had purchased cocaine for his own personal use from the C.I. before the controlled buy. He testified when the C.I. contacted him asking for cocaine, he agreed to sell the cocaine back to the C.I. which Appellant had previously purchased from the C.I.

**{¶8}** Appellant was found guilty of all charges, and the trial court convicted Appellant in accordance with the jury's verdict. After merging several counts, the trial court sentenced Appellant to an aggregate term of incarceration of twenty-four years to twenty-nine and one-half years, with nineteen years of mandatory prison time. It is from the January 7, 2026, judgment of the trial court Appellant prosecutes his appeal, assigning as error:

I. APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN TRIAL COUNSEL PROCEEDED TO TRIAL WITHOUT REVIEWING THE DISCOVERY PROVIDED BY THE STATE.

II. APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN TRIAL COUNSEL ASSERTED THE AFFIRMATIVE DEFENSE OF ENTRAPMENT BUT CONDUCTED THE TRIAL IN A MANNER INCONSISTENT WITH THE LEGAL REQUIREMENTS OF THAT DEFENSE.

III. APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN TRIAL COUNSEL FAILED TO OBJECT TO NUMEROUS HEARSAY STATEMENTS INTRODUCED THROUGH TEXT MESSAGES EXTRACTED FROM APPELLANT'S CELLULAR PHONE.

STANDARD OF REVIEW

**{¶9}** All of Appellant's assignments of error claim his trial counsel was ineffective, and are therefore governed by the same standard of review.

**{¶10}** A properly licensed attorney is presumed competent. *State v. Hamblin*, 37 Ohio St.3d 153 (1988). Therefore, in order to prevail on a claim of ineffective assistance of counsel, Appellant must show counsel's performance fell below an objective standard of reasonable representation and but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668 (1984); *State v. Bradley*, 42 Ohio St.3d 136, (1989). In other words, Appellant must show counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Id*.

I.

**{¶11}** In his first assignment of error, Appellant argues his trial counsel was ineffective by failing to review all discovery materials prior to trial. We disagree.

{¶12} At trial, the State presented evidence of text messages which were retrieved from Appellant's cell phone. Counsel indicated he had not seen the cell phone extraction documents until that day. The prosecutor explained the complete extraction from the cell phone, including multiple folders and subfolders, were included in the digital discovery provided to counsel. The documents in question included numerous pages of text messages, some of which implied Appellant was engaged in drug trafficking, and some of which directly discussed drugs.

{¶13} Appellant has not demonstrated a reasonable probability of a change in the outcome had counsel reviewed the text messages prior to trial. The texts were straightforward, uncomplicated, and repetitive in nature. Appellant argues generally had counsel been better prepared by reviewing the documents, he could have meaningfully challenged their admission. Appellant also argues counsel's lack of familiarity with discovery undermined his ability to effectively cross-examine witnesses and present a coherent defense. However, Appellant does not explain how the result of the proceeding would have been different had counsel been more familiar with the cell phone extraction. We find the record does not demonstrate a reasonable probability of a change in the outcome of the trial had counsel reviewed the cell phone extraction documents prior to trial, and we therefore find Appellant has not demonstrated counsel was ineffective.

{¶14} The first assignment of error is overruled.

II.

{¶15} In his second assignment of error, Appellant argues his trial counsel was ineffective for asserting a defense of entrapment but conducting the trial in a manner inconsistent with the legal requirements of the defense. We disagree.

**{¶16}** "Entrapment" constitutes a valid defense if officers of the law inspire, incite, persuade, or lure the defendant to commit a crime which he otherwise had no intention of committing. *State v. McDonald*, 32 Ohio App. 2d 231, 235 (9th Dist. 1972). However, the defendant is not entrapped when an officer presents the defendant with the opportunity to commit an offense for the purpose of detecting a crime. *Id*. Entrapment occurs only when the police implant in the mind of an innocent person the disposition to commit the offense and induce its commission. *Id*.

**{¶17}** Appellant argues his counsel was ineffective because having raised the defense of entrapment, he failed to ask questions of witnesses to establish the defense, moved for a judgment of acquittal pursuant to Crim. R. 29 despite the fact the defense of entrapment requires an admission to commission of the crime charged, and solicited testimony from Appellant tending to show predisposition to commit the crime.

**{¶18}** Appellant has not demonstrated a reasonable probability of a change in the outcome had counsel questioned witnesses differently or pursued a different defense. The record demonstrates entrapment was perhaps not the easiest defense to establish in this case given the State's plethora of evidence concerning Appellant's past involvement in selling drugs and Appellant's own admission he had "exchanged drugs" with the C.I. in the past and sold drugs for years to support his own habit. But we do not find based on the evidence in this case Appellant would have been acquitted had counsel pursued a different line of questioning or a different defense. Therefore, we find Appellant has not demonstrated ineffective assistance of counsel.

**{¶19}** The second assignment of error is overruled.

III.

{¶20} In his final assignment of error, Appellant argues counsel was ineffective for failing to object to the admission of the cell phone extractions on the basis the statements of third parties in the texts constituted hearsay. We disagree.

{¶21} Many of the pages of texts involved third parties stating they had a certain amount of money, and asking if they could come over. Appellant's responses, which Appellant concedes were not hearsay, were often short, indicating "yes" or "come over." Appellant argues without the admission of the hearsay statements of third parties, Appellant's texts would have no context, and the State would not have been able to elicit testimony from police that the texts referred to drug transactions.

{¶22} We find Appellant has not demonstrated a reasonable probability of a change in the outcome had the third-party statements in the cell phone extractions been objected to and excluded from evidence. There was abundant evidence of Appellant's predisposition to sell drugs to the C.I. independent of the texts extracted from his cell phone. The video of the transaction with the C.I. showed Appellant taking the cocaine from a zipper pouch, weighing it, and packaging it. The C.I. testified he had been buying drugs from Appellant for around ten years, and Appellant's former girlfriend testified Appellant sold weed, cocaine, methamphetamine, and fentanyl. Appellant testified he sold drugs for years to support his own drug habit and had previously exchanged drugs with the C.I. Appellant admitted on cross-examination to having knowledge of how to weigh and bag drugs, how to make crack cocaine from soft cocaine, and how to cut and blend fentanyl. We find counsel was not ineffective for failing to object to the cell phone extractions on hearsay grounds, as he has not demonstrated a reasonable probability he

would have been acquitted in the absence of the potential hearsay statements of third parties in the documents.

{¶23} The third assignment of error is overruled.

{¶24} The judgment of the Muskingum County Court of Common Pleas is affirmed.

{¶25} Costs to Appellant.

By: Hoffman, P.J.

Baldwin, J. and

Gormley, J. concur.