[Cite as *State v. Snelling*, 2011-Ohio-3222.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  | : | JUDGES: |
| STATE OF OHIO | : | W. Scott Gwin, P.J. |
|  | : | John W. Wise, J. |
| Plaintiff-Appellee | : | Julie A. Edwards, J. |
|  | : |  |
| -vs- | : | Case No. 10CA94 |
|  | : |  |
|  | : |  |
| REGINALD SNELLING | : | O P I N I O N |
| Defendant-Appellant |  |  |

CHARACTER OF PROCEEDING:     Criminal Appeal from Richland
County Court of Common Pleas Case
No. 2010-CR-43D

JUDGMENT:                                     Affirmed

DATE OF JUDGMENT ENTRY:          June 22, 2011

APPEARANCES:

For Plaintiff-Appellee                        For Defendant-Appellant

JAMES J. MAYER, JR.                      JOHN C. O'DONNELL
Prosecuting Attorney                        13 Park Avenue West, Suite 605
Richland County, Ohio                       Mansfield, Ohio  44902

BY: KIRSTEN L. PSCHOLKA-GARTNER
Assistant Richland County Prosecutor
38 South Park Street
Mansfield, Ohio  44902

*Edwards, J.*

{¶1}   Appellant, Reginald Snelling, appeals a judgment of the Richland County Common Pleas Court convicting him of abduction (R.C. 2905.02(A)(1)), two counts of failure to comply with order or signal of a police officer (R.C. 2921.331(B)(4), R.C. 2921.331(B)(5)(a)(ii)), and assault on a police officer (R.C. 2903.13(A)).  Appellee is the State of Ohio.

<u>STATEMENT OF FACTS AND CASE</u>

{¶2}   Reaunna Dodd met appellant in October or November of 2009, and became involved in a romantic relationship with him.  Shortly thereafter, Dodd and her 4-year-old son moved in with appellant.

{¶3}   By the end of 2009, Dodd decided to end her relationship with appellant because he was possessive and controlling.  During the week between Christmas and New Year's Eve, Dodd left the home, over appellant's protests, to visit a friend.  Realizing this was her chance to get away from appellant, Dodd chose to stay at her friend's home instead of returning to live with appellant.

{¶4}   When appellant decided to stay with her friend, she left all of her belongings at appellant's house.  After several attempts to call appellant to retrieve her belongings, she finally reached him on December 31, 2009.  He told her that she could come to the house to get her things.  However, when she arrived, he told her that he would drive her to where her things were stored.  Dodd was nervous about getting into the truck with appellant, but called her mom on her cell phone so someone would know of her whereabouts.

{¶5} After Dodd got into appellant's truck, he drove around aimlessly for several hours. He took her to Kroger's, but pulled out of the parking lot without stopping when she told her mother where they were located. He then drove to Walmart and once again did not stop. He drove on to State Route 30 and headed toward Ashland.

{¶6} Dodd became afraid when appellant left Mansfield. She repeatedly asked appellant to let her out of the truck, but he refused. Dodd continued to relay information to her mother about her whereabouts because her mother and brother were trying to follow them in a car. However, appellant became angry when Dodd told her mother where they were going and told her that every time she told her mother what direction they were heading, he would go a different way.

{¶7} Appellant eventually exited Route 30 and began driving down a deserted country road. Dodd was afraid appellant was going to kill her. Appellant continued to refuse to allow Dodd to get out of the truck. Appellant turned around and got back on Route 30, but instead of taking Dodd back to Mansfield he headed south on Interstate 71. At one point he told Dodd he was taking her to Indiana. At another time he told her he was going to run into a semi and kill them both.

{¶8} Appellant exited I-71 at State Route 13 and Hanley Road in Mansfield. He was forced to stop at a stop sign because there was a car in front of him. As he slowed down, Dodd attempted to jump out of the truck. Appellant attempted to stop her by hitting the lock button on her door, but she unlocked the door from her side of the truck. Appellant tried to grab the back of her jacket and pull her back inside the truck, but Dodd slipped out of her jacket and ran.

{¶9} Dodd ran toward a house, but appellant drove down the driveway of the home and reached the house first. She then ran back toward the road. Appellant got out of the truck and chased her on foot. Dodd ran into the road and stopped a PT Cruiser with two older ladies inside. Appellant followed. She screamed at the ladies to help her, but they drove away.

{¶10} Dodd began running through a field and appellant got back into his truck to chase her. Dodd ran back to the road and stopped another vehicle. The driver of the vehicle got out and called the police. Appellant had stopped his truck in the middle of the road and was standing by the driver's side door. Dodd's mother and brother arrived on the scene. When her brother ran toward appellant, appellant got back in the truck and left.

{¶11} Mansfield Police Officer Ryan Anschutz was traveling on Lexington Avenue in Mansfield when he spotted appellant. He activated his lights and sirens and turned to pursue appellant. Appellant drove erratically, swerving into oncoming traffic to pass other vehicles and speeding. When appellant attempted to make an abrupt right turn at a high rate of speed, he lost control of his truck, which came to rest in the front yard of a residence.

{¶12} Appellant jumped out of the truck and ran through several back yards. He was pursued by Anschutz, who saw appellant throw a box cutter to the ground. Anschutz eventually was able to tackle appellant. Appellant struck the officer several times during attempts to restrain him. After appellant was secured in handcuffs, police found a police scanner radio in his jacket pocket. The box cutter was retrieved from the path of his pursuit.

{¶13} Appellant was indicted by the Richland County Grand Jury with abduction, two counts of failure to comply with the order or signal of a police officer, and assault on a peace officer. Following jury trial he was convicted as charged on all counts. He was sentenced to four years incarceration for abduction and 12 months for assault. The court merged the failure to comply convictions and sentenced him to two years incarceration on Count II. He assigns three errors on appeal:

{¶14} "I. THE DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE FIFTH AND SIXTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

{¶15} "II. THE COURT COMMITTED PLAIN ERROR BY ALLOWING THE EVIDENCE OF THE BOX CUTTER KNIFE AND OF THE ALLEGED RESTRAINT INCIDENTS TWO DAYS BEFORE THE CRIME ALLEGED IN THE INDICTMENT.

{¶16} "III. THE COURT COMMITTED PLAIN ERROR TO DEFENDANT/APPELLANT'S PREJUDICE BY ALLOWING A PROSECUTOR'S WITNESS TO TESTIFY AFTER THE STATE HAD RESTED."

I

{¶17} In his first assignment of error, appellant argues counsel was ineffective for failing to object to testimony of Dodd's mother concerning an incident between appellant and Dodd two days earlier and for failing to object to admission of testimony concerning the box cutter appellant threw from his person as he ran from police.

{¶18} A properly licensed attorney is presumed competent. *State v. Hamblin* (1988), 37 Ohio St.3d 153, 524 N.E.2d 476. Therefore, in order to prevail on a claim of ineffective assistance of counsel, appellant must show counsel's performance fell below

an objective standard of reasonable representation and but for counsel's error, the result of the proceedings would have been different. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Bradley* (1989), 42 Ohio St.3d 136. In other words, appellant must show that counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. Id.

{¶19} Dodd's mother testified:

{¶20} "Q. And as of that time, were you aware or familiar with Reaunna's relationship with Reginald Snelling?

{¶21} "A. I had just - - the first contact I had with Reggie was two days prior. Him (sic) and Reaunna had a fight, and she had left her school stuff at his home, and he wouldn't give it back to her. And she wanted to know if I would go with her over to his home to try and get her stuff back. And I said, yes, I would.

{¶22} "And I called a male friend of mine, and we went over to Reggie's house to try to get her stuff, and he wouldn't give it back to her. He tried to keep her from getting back in the car with me. And once she got loose I told her to run, and she ran up the street, and he chased her, and there was an altercation up the street at that time, and that was my first meeting with him." Tr. 79

{¶23} Officer Anschutz testified that he saw appellant throw a silver or gray box cutter knife on the ground as he fled from police on foot. Tr. 140.

{¶24} Appellant argues both pieces of evidence were inadmissible under Evid. R. 404(B):

{¶25} "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

{¶26} Appellant cannot demonstrate that had counsel objected to Lois Dodd's testimony and the objection been sustained, the result of the proceeding would have been different. Clearly the jury chose to believe Reaunna Dodd's rendition of the facts rather than appellant's version that she went with him willingly. Appellant's behavior after police attempted to stop him supports Reaunna's testimony that she did not voluntarily travel about town with him while going to pick up her things. The testimony of Lois Dodd concerning this prior incident was brief during the course of the trial. Further, Reaunna had testified without objection concerning his possessive and controlling behavior with her while they lived together and a prior incident where she tried to go into her friend's house and appellant chased her and physically picked her up. Tr. 73. Appellant cannot demonstrate that he would have been acquitted in the absence of Lois Dodd's testimony.

{¶27} Evidence of the box cutter was not evidence of another crime, wrong, or act, but a part of the crime for which appellant was on trial. Officer Anschutz witnessed appellant throw the box cutter from his body during the chase. Although Reaunna never saw appellant with the box cutter, she believed he was going to try to kill her. Evidence that appellant threw the box cutter is evidence of his state of mind as he fled from police, and demonstrates his intent in driving Reaunna around town was not simply to run errands and retrieve her things from where he had stored them. Although he never

brandished or used the box cutter during the incident, evidence that he had it on his person and attempted to discard it when running from police tends to show that he planned to restrain Reaunna in the vehicle. Further, appellant has not shown that in the absence of this evidence, the result of the proceeding would have been different. There was substantial evidence of guilt presented through the testimony of Reaunna and of the officers who chased him following her escape from the vehicle, as outlined in the statement of facts above.

{¶28} The first assignment of error is overruled.

II

{¶29} In his second assignment of error, appellant argues that the court committed plain error in admitting the evidence of a prior incident and of the box cutter. As discussed in the first assignment of error, appellant's counsel failed to object to the admission of this evidence.

{¶30} Appellant has therefore waived all but plain error under Crim. R. 52(B). To demonstrate plain error, appellant must show that but for the error, the result of the proceeding would clearly have been otherwise. *State v. Long* (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, ¶ 2 of the syllabus. Notice of plain error is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. *Id.* at paragraph 3 of the syllabus.

{¶31} As discussed in the first assignment of error above, appellant has not demonstrated that had this evidence not been admitted, the result of the proceeding would have clearly been otherwise. The State presented substantial evidence of guilt through the testimony of Reaunna Dodd, coupled with the testimony of the police

concerning his flight when they attempted to apprehend him and his subsequent behavior.

**{¶32}** The second assignment of error is overruled.

III

**{¶33}** In his third assignment of error, appellant argues that the court erred in allowing the State to recall Reaunna Dodd to the stand to rebut his testimony. He cites no authority in support of this assignment of error, but merely argues that all she did was reiterate her earlier testimony without objection from appellant.

**{¶34}** When the State recalled Reaunna Dodd to the stand, appellant did not object to any of her testimony. Therefore, we must find plain error to reverse.

**{¶35}** Rebuttal evidence is given to explain, refute, or disprove new facts introduced into evidence by the adverse party. *State v. McNeill* (1998), 83 Ohio St.3d 438, 446, 700 N.E.2d 596, certiorari denied (1999), 526 U.S. 1137, 119 S.Ct. 1792, 143 L.Ed.2d 1019. Such evidence becomes relevant only to challenge the evidence offered by the opponent, and its scope is limited by such evidence. Id. The determination as to what evidence is admissible as proper rebuttal rests within the trial court's discretion. Id.

**{¶36}** The State called Reaunna Dodd to the stand to rebut appellant's testimony that she jumped into the truck and insisted on going with him. She also rebutted his testimony concerning stopping to purchase orange juice for his uncle and eating at Burger King. She rebutted his testimony that she took a picture of him with his cell phone while they rode in the truck and that he allowed her to get out of the truck without resistance after he refused to return her clothes. Contrary to appellant's

argument, she did not simply take the stand and reiterate her testimony from earlier in the trial.

{¶37} The third assignment of error is overruled.

{¶38} The judgment of the Richland County Common Pleas Court is affirmed.

By: Edwards, J.

Gwin, P.J. and

Wise, J. concur

_____

_____

_____

JUDGES

JAE/r0414

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| REGINALD SNELLING | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 10CA94 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is affirmed. Costs assessed to appellant.

_____

_____

_____

JUDGES