[Cite as *State v. Church*, 2023-Ohio-2107.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Andrew J. King, J. |
| -vs- | |
| | Case No. 23CA000001 |
| JENNIFER CHURCH | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:　　　Appeal from the Cambridge Municipal Court, Case No. TRC2102541

JUDGMENT:　　　Affirmed

DATE OF JUDGMENT ENTRY:　　　June 26, 2023

APPEARANCES:

For Plaintiff-Appellee

WILLIAM H. FERGUSON
Cambridge Law Director
150 Highland Avenue – Suite #2
Cambridge, Ohio 43725

For Defendant-Appellant

CHANDRA L. FORSHEY ONTKO
665 Southgate Parkway
Cambridge, Ohio 44725

*Hoffman, P.J.*

**{¶1}** Defendant-appellant Jennifer L. Church appeals her convictions and sentence entered by the Cambridge Municipal Court, on one count of operating a motor vehicle while under the influence and one count of failure to control, following a bench trial. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE AND FACTS

**{¶2}** On June 11, 2021, Appellant was cited for operating a motor vehicle while under the influence, in violation of R.C. 4511.19(A)(1)(A), a misdemeanor of the first degree; and failure to control, in violation of R.C. 4511.202, a minor misdemeanor. She was ordered to appear in Cambridge Municipal Court on June 16, 2021. Appellant failed to appear and the trial court issued an order to appear. Appellant appeared on June 23, 2021, and entered a plea of not guilty to the charges. The trial court appointed Attorney Matthew Mollica to represent Appellant. The matter was scheduled for bench trial on August 11, 2021.

**{¶3}** Appellant filed a jury demand and the trial court converted the original trial date to a pretrial conference. At the pretrial conference on August 11, 2021, counsel for both parties advised the trial court discovery was complete, Appellant had rejected the state's formal plea offer, and had waived her right to a jury trial. The trial court scheduled a bench trial for October 26, 2021. On the morning of trial, Attorney Mollica filed a motion for continuance as Appellant had been in close contact with a friend who had tested positive for COVID and Appellant was waiting for her own test results. The trial court granted the continuance and scheduled a bench trial for November 17, 2021.

**{¶4}** Appellant failed to appear for trial on November 17, 2021. The trial court issued a bench warrant. The warrant was returned on May 10, 2022. The case was

reinstated and the matter rescheduled for trial on June 7, 2022. Attorney Mollica filed a motion for continuance as he had a scheduling conflict with another matter. The trial court granted the continuance and scheduled a bench trial on August 16, 2022. The parties filed a joint motion to continue, which the trial court granted. The trial was rescheduled until September 14, 2022. Attorney Mollica filed a motion for continuance on September 9, 2022, as Appellant had again been exposed to COVID and was unable to meet with counsel to prepare for trial. The trial court granted the continuance and scheduled a bench trial for September 21, 2022.

{¶5} Attorney Mollica filed a motion for continuance on September 21, 2022, explaining Appellant's husband had suffered a heart attack and was hospitalized. The trial court rescheduled the bench trial for October 26, 2022. Appellant filed a motion for a continuance on October 20, 2022, which the trial court granted. The matter was rescheduled until December 7, 2022.

{¶6} At trial, Appellant stipulated she was intoxicated on the night of the offense and such intoxication was sufficient to constitute impairment under R.C. 4511.19(A)(1)(a). The state agreed with the stipulation, leaving the operation of the motor vehicle as the sole issue for trial.

{¶7} Trooper Connor Nagel of the Ohio Highway Patrol testified he was on duty the evening of June 11, 2021, when he was dispatched to a crash on State Route 660 in Guernsey County, Ohio. Trooper Nagel arrived at the scene and found a vehicle which had been driven through high water, spun out, and crashed into an embankment. Trooper Nagel was not certain, but believed Appellant was in the driver's seat of the vehicle when he arrived. EMS personnel advised the trooper they had observed a man walking away

from the scene prior to the trooper's arrival. Appellant informed Trooper Nagel she was driving the vehicle and the man walking away from the area was her husband. Trooper Nagel asked Appellant numerous times if she was driving, and each time, she indicated she was. The traffic crash witness statement, which Appellant completed at the time of the incident, was admitted into evidence. Therein, Appellant admitted she was driving the vehicle.

{¶8} Trooper Nagel indicated he attempted to make contact with Appellant's husband using the phone number Appellant had provided to him. However, he was unable to reach Appellant's husband and Appellant's husband never called the trooper back.

{¶9} On cross-examination, when asked if he believed Appellant might be lying about who was driving to cover for someone, Trooper Nagel stated: "EMS personnel had indicated that they thought the male may have been the driver. So I had asked her numerous times and every time she indicated that she was the driver and not the male." Transcript of December 7, 2022 Bench Trial at 15.

{¶10} At the close of the state's case-in-chief, Appellant made an oral Crim. R. 29 motion for acquittal. The trial court denied Appellant's motion.

{¶11} Jamie Kathary testified on Appellant's behalf. Kathary stated, while he was visiting Appellant and her husband on June 11, 2021, the couple had a disagreement. Kathary recalled Appellant's husband was pretty upset and left the residence. Approximately 45 minutes to an hour later, Kathary and Appellant learn Appellant's husband had been in an accident. Kathary and Appellant proceeded to the accident scene. Appellant exited Kathary's vehicle and approached the State Highway patrolman.

Because a tow truck had not arrived at the scene, Kathary decided to get a flatbed truck from his business. By the time he returned, the tow truck company had arrived. Kathary did not speak to anyone, did not hear anything, and did not see anything.

{¶12} After hearing the evidence, the trial court found Appellant guilty of OMVI, sentenced her to 30 days in Guernsey County Jail with 27 days suspended, and imposed a fine of $375, plus court costs. Appellant was permitted to attend a 72-hour alcohol program in lieu of the 3 days in jail. The trial court placed Appellant on probation for a period of twelve months, issued a 12-month license suspension, ordered her to complete a substance use assessment and follow all recommendations. The trial court also found Appellant guilty of failure to control and imposed a fine of $50, plus court costs.

{¶13} It is from these convictions Appellant appeals, raising as her sole assignment of error:

THE APPELLANT HAS A CLAIM FOR INEFFECTIVE ASSISTANCE OF COUNSEL AS TRIAL COUNSEL FAILED TO REQUEST A CONTINUANCE OF THE HEARING TO CALL DEFENDANT'S HUSBAND AS A WITNESS.

I

{¶14} In her sole assignment of error, Appellant raises a claim of ineffective assistance of counsel. Specifically, Appellant contends trial counsel was ineffective for failing to move for a continuance of the bench trial in order to secure Appellant's husband as a witness in her defense.

**{¶15}** A properly licensed attorney is presumed competent. *State v. Hamblin*, 37 Ohio St.3d 153, 524 N.E.2d 476 (1988). In order to prevail on a claim of ineffective assistance of counsel, an appellant must show counsel's performance fell below an objective standard of reasonable representation and, but for counsel's error, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). In other words, an appellant must show counsel's conduct so undermined the proper functioning of the adversarial process the proceedings cannot be relied upon as having produced a just result. *Id.* In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. *Bradley* at 142, 538 N.E.2d 373. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists counsel's conduct fell within the wide range of reasonable professional assistance. *Id.*

**{¶16}** In order to warrant a reversal, an appellant must additionally show he was prejudiced by counsel's ineffectiveness. "Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of the trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel." *State v. Carter*, 72 Ohio St.3d 545, 558, 651 N.E.2d 965 (1995), citing *Lockhart v. Fretwell*, 506 U.S. 364, 370, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). The United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice

suffered by the defendant as a result of the alleged deficiencies." *Bradley* at 143, quoting *Strickland* at 697.

**{¶17}** Assuming, arguendo, trial counsel was ineffective for failing to request a continuance in order to ensure Appellant's husband was available to testify at trial, we find Appellant failed to establish, "but for counsel's error, the result of the proceedings would have been different." *Strickland*, supra. There is nothing in the record to remotely suggest had trial counsel so moved, the trial court would have granted an eighth continuance, and, even if the trial court had, whether the trial court would have believed the testimony of Appellant's husband, if he would have testified he was the driver of the vehicle. Appellant's argument as to what her husband would have testified to is purely speculative.

**{¶18}** At trial, Trooper Nagel testified he asked Appellant numerous times who was driving the vehicle and, each time, Appellant responded she was the driver. When Trooper Nagel specifically asked Appellant if she was lying about being the driver to cover for someone, Appellant responded, "No, I was driving." Tr. at 11. On the other hand, Jamie Kathary testified he was visiting Appellant and her husband on June 11, 2021. After Appellant and her husband had a disagreement, Appellant's husband left the residence. Kathary explained, approximately 45 minutes later, Appellant's husband returned and stated he had crashed their vehicle. The trial court clearly believed the testimony of Trooper Nagel over the testimony of Jamie Kathary. It is not reasonably probable the testimony of Appellant's husband would have swayed the trial court to conclude Appellant was not the driver.

**{¶19}** Appellant's sole assignment of error is overruled.

**{¶20}** The judgment of the Cambridge Municipal Court is affirmed.

By: Hoffman, P.J.

Wise, J.  and

King, J. concur